CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1871.

## GEO. A. PEASE *v.* DOLPHUS B. HANNAH.

EJECTMENT—PLEADING.— In an action for the recovery of the possession of real property, it is not necessary for the plaintiff to set out his muniments of title.

IDEM.—Where a defendant set up a title in himself to an undivided interest, he was required to specify what interest or share he owns.

REDUNDANCY.—On motion, redundant matter was stricken out.

*Mitchell & Dolph,* for the plaintiff.

*Wait & Gibbs,* for the defendant.

THE plaintiff brings his action to recover an undivided half of the premises in question, known as the Caruthers estate. He alleges "that he is the owner in fee simple of the undivided half" of the premises; (describing the land); and adds that he "has been such owner since the fifteenth day of September, 1870, by the following chain of title," and proceeds to set out, according to their legal effect, the muniments of his title. He alleges that "the remaining one-half of said real property is owned by W. C. Johnson and F. O. McCown, who are tenants in common with the plaintiff in the whole of said real property;" that he is entitled to the possession thereof, and that the defendant is wrongfully in possession and wrongfully withholds the same.

The defendant moved to strike out that portion of the complaint relating to the plaintiff's chain of title, and the motion was granted.

The defendants filed an answer denying the allegations of the complaint, and for further answer stating: "That the defendant is rightfully in possession of the land specified in the said complaint, and that he is the owner in fee simple absolute of an undivided interest therein *of the value* of ten thousand dollars and upwards;" that certain other parties, whom he names, are owners of an undivided interest therein, and that the heirs-at-law of Finice Thomas, deceased, "are the other owners of undivided interests of the real property specified in said complaint."

This further answer the plaintiff objects to, and moves that it be made more specific as the quantity and amount for which the defendant defends, and as to the nature of his estate.

The answer also set out the following:

"The claim of the said plaintiff to an undivided half of the land specified in said complaint is wrongful and fraudulent in whole, and in part in this, that the said plaintiff pretends that the person through whom alone he, the said plaintiff, so claims, is the father and heir-at-law of the said Finice, deceased, when in truth and in fact such person is an imposter, and is not the father or heir-at-law of said Finice, deceased, and never had any interest in any of the land specified in said complaint."

This the plaintiff moved to strike out, as sham and irrelevant.

The motion to make more specific, and the motion to strike out, were granted.