## HOLLEY *vs.* WILKINSON.

[CREDITOR'S BILL TO SET ASIDE FRAUDULENT CONVEYANCE BY DEBTOR.]

1. *Answer in chancery not outweighed by answer to garnishment at law.*—An answer to a garnishment at law is not sufficient to overcome the positive denials of the garnishee's answer in chancery, when responsive to the bill, which is filed by another person than the plaintiff in the action at law.

Holley v. Wilkinson.

2. *Dismissal of bill without prejudice.*—In reversing the chancellor's decree, on account of the insufficiency of the proof to overcome the positive denials of the answer, the appellate court will dismiss the bill without prejudice, when the record shows that the plaintiff probably has a just cause of action.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Henry T. Wilkinson, a judgment creditor of Asa Alexander, seeking to subject to the satisfaction of his judgment certain real estate conveyed by said Alexander to Hosea Holley. The complainant's judgment against Alexander was rendered at the fall term, 1853, of the circuit court of Coffee county. Alexander's deed to Holley was executed on the 17th April, 1851; and the bill alleged, that said deed was either without consideration, and therefore fraudulent and void as to creditors, or was intended only as a mortgage. A decree *pro confesso* was entered against Alexander. Holley answered, alleging that his deed from Alexander was an absolute conveyance, accompanied by no parol trust or reservation whatever; and that its consideration was, an indebtedness from Alexander to him then existing, and his promise to pay other outstanding debts of Alexander's, which respondent had since paid in full according to his agreement. The only evidence adduced by the complainant to disprove this answer, consisted of Holley's answer to a garnishment at law, in several actions brought by Stapleton and others against said Alexander, in which the garnishee stated that he was not indebted to said Alexander, " unless the following facts will make him a debtor: Some time in the spring of the year 1851, he agreed to pay out certain money for said Alexander, and, in pursuance of said agreement, has paid out between $1,000 and $1,050; and that said Alexander, to secure garnishee, agreed to, and did, some time about the date of said agreement, deed certain lands and improvements, of the value of $3,000, to garnishee."

On final hearing, the chancellor rendered a decree for the complainant, ordering an account, a sale of the land, &c.; and his decree is now assigned as error.

WM. P. & T. G. CHILTON, for appellant
HILLIARD & THORINGTON, and E. C. BULLOCK, contra.

RICE, C. J.—The positive denials of an answer responsive to the bill, and which meet the real object and effect of its charges, are not outweighed or disproved by the mere admissions of the respondent, contained in his answer to a garnishment, sued out against him at law by a person different from the complainant, unless the complainant waives the answer being made under oath, as he is allowed to do by section 2877 of the Code.—Love v. Braxton, 5 Call's Rep. 537; Hope v. Evans, 1 Smedes & Marsh. Ch. Rep. 195; Petty v. Taylor, 5 Dana, 598; Smith v. Rogers, 1 Stew. & Por. 317; Br. B'k at Decatur v. Marshall, 4 Ala. R. 60.

The answer to the garnishment at law, when offered in evidence in the suit in chancery, is regarded as a declaration or admission of the party making it; and when, as in this case, it is not corroborated by any other evidence, it will not overcome the positive denials of the answer to the bill. From these premises the conclusion is, that the decree was unauthorized by the proof, and must, therefore, be reversed. But, as the circumstances appearing in the record render it probable that the complainant has a just right, of which the chancellor would not have deprived him, by an absolute dismissal of his bill, if he had taken the same view of the evidence which we have taken, we shall not deprive the complainant of the opportunity to assert whatever right he may have in another suit, but shall dismiss his bill without prejudice to his right to file another bill asserting his right to relief.—Wilkins v. Wilkins, 4 Porter, 245; Singleton v. Gayle, ib. 270.

The decree of the chancellor is reversed, and a decree must be here rendered, dismissing the bill without prejudice, as herein above stated; and adjudging the costs of this court, and of the court below, against the complainant.