44   295
100   518

## BRAY & BROS, *vs.* LAIRD ET AL.

[APPEAL FROM ORDER DISMISSING LEVY OF ATTACHMENT.]

1. *Exempt property, right of debtor to select; What not impaired by.*—Under the State constitution, the right of a debtor to select the property which he will retain as exempted from execution, can not be impaired by the levy of an attachment or execution upon any portion of it, nor by his omission or refusal to tender other property in lieu of that levied on, nor, in this case, by the fact that the debtor had other personal property of greater value than the amount exempted. (PECK, C. J., *dissenting.*)

2. *Appeal; what not such final order as will authorize.*—Dismissing the levy of an attachment, is not such a final order as will authorize an appeal to this court.

APPEAL from the Circuit Court of Barbour.

TRIED before H. D. CLAYTON, Esq., an attorney of the court, under § 758 of Revised Code.

The facts are sufficiently set out in the opinion.

F. M. WOOD, for appellants.
JNO. GILL SHORTER, *contra.*

B. F. SAFFOLD, J.—An attachment was issued at the instance of the appellants against the appellees, and levied on some household furniture. The defendants moved to quash the levy, and dissolve the attachment, on the ground that the property levied on was exempt from levy and sale. In support of the motion, the defendants proved that they were husband and wife, and that, a few hours after the levy, they claimed the property, under oath, as exempt under the statute. They also claimed it under the provisions of the State constitution, the debt having been contracted since it became operative. The plaintiff proved, and it was admitted, that Mrs. Laird had other personal property, in excess of the amount protected by the constitution or the statute, but the property levied on was not worth so much. The court dismissed the levy, to which the plaintiff excepted.

In *Ross v. Hannah,* 18 Ala. 125, it was decided that, under the statute exempting certain articles from execution, the debtor had a right to elect which he would retain, and that this right was not divested by the mere levy of an execution on some of the property, even without his tendering to the officer those which he had omitted to seize under the execution. If, however, after the levy, and before the sale, the debtor should put the articles not levied on out of the officer's way, this would amount to an election to retain them, and determine the right.

Under the constitution, $1,000 worth of the personal property of any resident of this State, to be selected by

such resident, is exempted from sale on execution, or other final process of any court, issued for the collection of any debt contracted after its adoption.—Const. Art. 14, § 1. The right of selection is thus placed beyond the reach of legislation or judicial restraint before the sale. Whether the legislature can impose on him an obligation, to tender other property in lieu of that levied on, or deny that he had more than the amount exempted, or not, it is sufficient for our inquiry that it has not done so. We, therefore, decide that the right of the defendants to elect what property they would retain, was not affected by the fact that they had other personal property of greater value than the amount exempted, and, also, that they were not bound to tender other property in lieu of that levied on. The dismissal of the levy of the attachment, however, was not such a final judgment as will support an appeal to this court.— *Woodruff v. Rose,* June term, 1869. The appeal is dismissed.

PECK, C. J., concurred in the dismissal of the appeal, but dissented from the construction, by the majority of the court, of the exemption laws as found in the constitution and the statutes.