STATE OF MISSOURI, TO THE USE OF JOHN O. CODDING, Respondent, *v.* JOHN FINN ET AL., Appellants.

January 27, 1880.

1. One whose wife and children are temporarily absent from the State remains the head of a family though he has ceased to keep house.

2. The execution debtor may select and claim as exempt any particular property seized, up to the limit of the law, whether he has other property or not, and the sheriff resists such claim at his peril.

3. A debt due to an execution debtor is the subject of exemption, and when collected by an officer, may, while in his hands, be claimed as exempt, and when so claimed, cannot be made a set-off under a cross-execution.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

E. T. FARISH and JOHN R. WARFIELD, for the appellants : The relator was not the head of a family. — Freem. on Ex. 342–346; arts. 222, 223, and cases cited ; *Wade* v. *Jones*, 20 Mo. 75 ; *Abercrombie* v. *Anderson*, 9 Ala. 781 ; *Boykin* v. *Edwards*, 21 Ala. 261 ; *Marsh* v. *Lazenby*, 41 Ga. 153 ; *Barney* v. *Leeds*, 51 N. H. 253 ; *Barnes* v. *Rogers*, 23 Ill. 352 ; *Martin* v. *Hilton*, 2 Hilt. 586 ; *Brown* v. *With*, 19 Wend. 475 : *Griffith* v. *Sundla*, 14 Barb. 456 ; *Woodward* v. *Murray*, 18 Johns. 400 ; *Wade* v. *Jones*, 20 Mo. 75. " If an officer has cross-executions put into his hands, wherein the creditor in one is debtor in the other, and he is requested to set off one against the other, *he must make the set-off*, if the law allows it, or he will render himself liable." — Herman on Ex. 226 ; *Leathers* v. *Carr*, 24 Me. 351 ; *New Haven Copper Co.* v. *Brown*, 46 Me. 418 ; *Hutchins* v. *Riddle*, 12 N. H. 465 ; *Goodenow* v. *Buttrick*, 7 Mass. 140 ; *Porter* v. *Leach*, 13 Metc. 485 ; *McGilchy* v. *Hall*, 58 Me. 152 ; *Ballinger* v. *Tarbell*, 16 Iowa, 491 (opinion by Judge Dillon) ; *Culver* v. *Pearl*, 1 Tyler, 12 ; Rev. Stats. Mo. 660, sects. 3876, 3877 ; 56 Mo. 492. The right of set-off is wholly independent of the right of exemption, and cannot be affected by it. — *Barber* v. *Hoag*, 6 How. Pr. 201 ; *Pattison* v. *Edmondston*, 4 La. An. 157 ; *Spurr* v. *Snyder*, 35 Conn. 172.

W. F. ROGERS, for the respondent, cited : *The State to use* v. *Farmer*, 21 Mo. 160 ; *Mahan* v. *Scruggs*, 29 Mo. 282 ; *The State to use* v. *Roeme*, 44 Mo. 99 ; *The State to use* v. *Barada*, 51 Mo. 562 ; *The State to use* v. *Kurtzeborn*, 2 Mo. App. 335.

BAKEWELL, J., delivered the opinion of the court.

This is an action against a sheriff and the sureties on his official bond.

It appears that the sheriff had in his hands an execution in favor of Codding against Stark and another, on which he collected $170. One Clark had a judgment against Codding, which Stark acquired, and an execution in favor of Clark, to the use of Stark as assignee, was in due time placed in the sheriff's hands, in order that it might be set off against the execution of Codding. The sheriff collected the money upon the execution in favor of Codding; but Stark demanded that the executions be set off one against the other, and the sheriff therefore refused to pay the money thus collected to Codding, and proposed to apply it to the execution against Codding. Codding claimed the money as exempt, setting forth that he was the head of a family. But the sheriff still refused to pay over the money collected on the execution against Stark to Codding, and the action is for this alleged breach of the sheriff's bond. The jury found for the plaintiff, and the judgment was in the usual form.

It is claimed that there was no evidence that Codding was the head of a family. As to this, the testimony is that of Codding himself, and is to the effect that he was not keeping house, but occupying rooms at a building where rooms are rented, and taking his meals at a restaurant. Shortly after breaking up house-keeping, his family and himself were at a boarding-house; then, and about two years before the trial, his wife went to Boston to visit her mother, who was very sick, and who is very old and infirm, and his wife did not expect to return until the old lady should recover or die. The children are all boys. The eldest is married; the second son, aged seventeen, has been with relatives in Boston for three years; the youngest son is twelve, and with his mother. Witness, at the date of the trial, expected to go East in a few months and bring his wife and youngest son back with him.

These facts constitute plaintiff the head of a family within the meaning of the exemption laws.

The head of a family, primarily, is the husband or father. To constitute a family, the members need not reside in one house. *Barney* v. *Leeds*, 51 N. H. 253. The man who has a wife and child dependent on him for support is the head of a family, though they do not reside under the same roof. This wife and child, not appearing to have any permanent home elsewhere than with plaintiff's relator, their domicile was with him, though there, may have been a temporary separation for economical or other causes. *Seaton* v. *Marshall*, 6 Bush, 430. It would be otherwise if the person claiming exemption were a non-resident, and the family were permanently domiciled in another State, as was the case in the Alabama cases cited by appellant. *Allen* v. *Manasse*, 4 Ala. 554; *Holley* v. *Wilkinson*, 31 Ala. 196. The exemption laws are to be liberally construed to effectuate the object of the Legislature, which is to mitigate suffering in the family of poor debtors. The exemption is not for the benefit of the debtor alone. The debt in this case is due to a father, and it may be necessary for the support of his family. *Megehe* v. *Draper*, 21 Mo. 510; *The State to use* v. *Farmer*, 21 Mo. 162.

The question whether plaintiff's relator had other property or not is immaterial. If he was the head of a family within the meaning of the exemption law, he might hold this money as exempt under sect. 2346, whether he owned any of the property mentioned in the first and second subdivisions of sect. 2343 or not. If the sheriff says the debtor claiming exemption has other property not exempt, it is for him to find it and seize it. The execution debtor, no matter what other property he may have, has a right to select and claim any particular property up to the limit fixed by the law, which is $300, exclusive of $100 of furniture and household goods. *The State to use* v. *Kurtzeborn*, 2 Mo. App. 335; 21 Mo. 161, 510; 44 Mo. 99.

The fact that the defendant in the execution owned by Codding had purchased a judgment against Codding, on

which he directed execution to issue so far as to claim a right of set-off under the statute, could not change the right of Codding. It is not pretended that both causes of action were mutual subjects of set-off against each other. There was a real indebtedness from Stark to Codding, which was *property* of Codding, exempt from execution by law, if he chose to select it, and which could not be reached by garnishment, against Codding's will. Why should it be taken from him after the indebtedness is reduced to the form of a judgment? This is not one of those equitable set-offs which the law protects and enforces. The statute providing that executions between the same parties may be set off was not meant to be applied thus, defeating the provisions of the law regarding exemptions, and cannot be so applied, unless it is to be said that debts due a man who is himself indebted to others are not the subject of execution, and cannot be claimed under the exemption laws. The sheriff does not seem to have regarded it as a case for set-off, since he did not comply with the statute, which requires him, in such case, to apply the execution received as a set-off to the satisfaction of the first execution.

Here the sheriff collected in full the amount of the first execution from Stark. From the moment that money came into the sheriff's hands it evidently belonged to Codding, and the sheriff could not apply it upon the execution of Clark to use of Stark against Codding, because Codding at once claimed the money as exempt from execution.

It is not necessary to examine the objections made to the action of the court in giving or refusing instructions. The facts in the case are undisputed. On the pleadings and evidence the plaintiff ought to recover, and no sufficient reason appears for disturbing the judgment. It is therefore affirmed. Judge LEWIS is absent; Judge HAYDEN concurs.