| 43 | 11 |
| 71 | 10 |

------◆------

## David T. Baldwin v. Charles R. Talbot.

*Defendant's name in declaration—Selection of exempt property.*

Judgment in replevin was given by a justice in a suit brought against a defendant designated as D. T. Baldwin instead of David T. Baldwin, but no misnomer was pleaded, and the judgment was appealed by Baldwin under his full name after pleading to the merits. *Held* that the informality, if any, could be amended by reference to the records and was no longer material.

An execution debtor's right to make his own selection of property exempt from execution, is not affected by his having given a fraudulent mortgage on other property; he is entitled to the exemption of property of the full statutory value, and cannot be compelled to select mortgaged property. If the levy is insufficient, the creditor can levy an *alias* execution on other property not encumbered or covered by a mortgage supposed to be fraudulent, or not mortgaged.

An execution debtor is not precluded from claiming property as exempt from levy, by the fact that he has property in another county that is not levied on, unless, perhaps, he should claim exemption on a second levy that would be excessive when taken with his first claim.

An execution creditor is not concerned in the fact that the debtor does not select mortgaged property as exempt from execution, or does not claim all he has a right to.

Error to Cass. Submitted Jan. 21. Decided Feb. 11.

REPLEVIN. Plaintiff brings error.

*M. A. Thompson* for plaintiff in error. At common law suit must be brought in plaintiff's full name, though changes have been made by statute; Stat. 3 and 4, Wm. IV., ch. 42, § 12; but this does not extend beyond the express terms of the statute, *Rust v. Kennedy* 4 M. & W. 586; fraudulent disposition of property deprives an execution debtor of his right to exemption, *Herschfeldt v. George* 6 Mich. 456; *Brackett v. Watkins* 21 Wend. 68; *Grimes v. Bryne* 2 Minn. 89; levy can be made on mortgaged chattels at any time before foreclosure, *Cary v. Hewitt* 26 Mich. 229; *Macomber v. Saxton* 28 Mich. 516; but they must be sold in an undivided lot, *Worthington v. Hanna* 23 Mich. 530; *Harvey v. McAdams* 32 Mich. 477.

*L. B. Des Voignes* for defendant in error.

CAMPBELL, J. Talbot sued Baldwin in replevin to recover a horse which Baldwin had seized on execution. Talbot claimed the horse as exempt, and there was testimony showing him entitled to the exemption. Baldwin levied on this horse and upon some mortgaged property besides, including another horse and a buggy. When he made the levy he was instructed to disregard Talbot's claim of exemption, and he intentionally omitted to take any steps to enable Talbot to select, and refused to give up the animal in question. This levy was made in Cass county. There was some evidence that Talbot had some property in another county which would have been within the right of exemption had it been seized on execution.

An objection was made and overruled below, that the replevin was void because brought against D. T. Bald-

win, instead of David T. Baldwin. No misnomer was pleaded, and the original judgment, which was rendered before a justice, was appealed by Baldwin to the circuit under his full name, after pleading on the merits below. Under these circumstances, if there was any informality, it was one which the record furnished means of amending and is no longer material.

An offer was made in the circuit court to show that Talbot had given a chattel mortgage on his other property, and to show fraud in that mortgage, which it is claimed was excluded by the court. It is somewhat difficult to tell just what was objected to, for the admission was distinctly made that such a mortgage had been given. But we have no doubt the court held correctly that such a mortgage was of no importance unless covering this horse. The right of exemption of this property could not depend on the condition of any other property; and it was held in *Bayne v. Patterson* 40 Mich. 658, that a debtor was entitled to exemption of property of the full statutory value, and that he could not be compelled to select mortgaged property, as that would defeat the beneficial purpose of the law, and give him no such amount as the law designed to secure him. It is no fraud to claim that clear amount. Neither is there anything in the statute to prevent an execution debtor from claiming property as exempt against levy in one county, because he may happen to have property somewhere else which is not levied on. Such a question might arise if on a second levy he should claim exemptions which with his first claim would be excessive. It cannot arise until then. If there was other property covered by a mortgage claimed to be fraudulent, or not covered by any encumbrance, the judgment creditor might have issued an *alias* execution and levied on it, if the first levy failed to pay his debt. But in neither case could the first claim of exemption be destroyed.

A remaining point which is perhaps difficult to connect in any legitimate way with the record, is aimed

at maintaining the doctrine that where property is levied upon which is mortgaged, there can be no claim of exemption for any specific articles, as the mortgage interest is an entirety. In the present case there was no such claim of exemption, and no evidence given or offered which had any tendency to show that this horse was mortgaged. It does not concern the plaintiff in error in this suit that the execution debtor did not see fit to claim any property which was mortgaged, or that he did not claim all he might have claimed.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.