ELTON S. BOTSFORD v. ANDREW J. MURPHY AND JOHN HEATH.

*Conversion by seizure under chattel mortgage.*

Under a clause in a chattel mortgage empowering the mortgagee to take possession whenever he should deem himself insecure, he would have good cause for doing so if he had reason to think and did think that he had been overreached in regard to the value of the property; and there would be no conversion in taking it if the mortgagee's interest exceeded the value, as the mortgager would have no valuable interest.

Seizure under an execution cannot aid a seizure under a mortgage if the execution is against a stranger to the mortgager's interest.

Error to Allegan. Submitted Jan. 11. Decided Jan. 25.

TROVER. Plaintiff brings error. Affirmed.

*Padgham & Padgham* for plaintiff in error.

*Jacob V. Rogers* for defendant in error. Trover will lie for seizure of property under a chattel mortgage only to the extent of the excess in their value over the amount of the mortgage debt: *Brink v. Freoff* 40 Mich. 610: 44 Mich. 69.

CAMPBELL, J. Botsford sued defendants in trover for taking and removing certain mortgaged property prematurely. The mortgage was given by him to Murphy, and contained a clause authorizing the assumption of possession whenever Murphy should deem himself insecure. Heath, who was a deputy sheriff, took the property as Murphy's agent, and there was testimony tending to show that at the same time he acted or pretended to act on two executions against a third person, one Negley. It also appeared from plaintiff's own showing that the property was worth much less than the mortgage.

Several errors are assigned which related — *first*, to an alleged trespass in the taking under color of process, to which plaintiff felt obliged to yield when otherwise he would have resisted; and *second*, to taking when there had been no breach of condition.

There was testimony tending to show that Murphy had reason to regard himself as having been overreached in regard to the value of the property, and if so there was cause enough for his regarding himself insecure. If he did he had a right to seize the property.

Upon the other questions, they all relate to supposed errors in allowing a seizure under the mortgage to stand, when aided by a seizure under execution. If these executions had been against Botsford himself, and used for fraudulent purposes, the questions presented might arise. But inasmuch as they were against a stranger the officer would have no more protection under them than under the mortgage, and could be as lawfully resisted on the one as on the other. No force was used, and we do not see that these writs were of the least consequence as the case went to the jury. The court below charged quite as favorably for plaintiff as he had a right to ask.

But inasmuch as by his own showing the interest of Murphy was larger than any sum which the property was worth, there could have been no conversion where there was no valuable interest.

There was no error and the judgment must be affirmed with costs.

The other Justices concurred.