S. G. Anderson *vs.* J. H. Ege, Sheriff.

August 6, 1890.

Exemption—Race-Horse.—The evidence not showing that a horse was kept and used as a race-horse, it is not decided whether a race-horse is exempt from execution.

Same—Selection by Debtor.—The owner of a horse levied upon may avail himself of the right to select that horse for exemption, without bringing his other horses from another county, so that the officer may levy upon them.

Appeal by defendant from an order of the district court for McLeod county, *Edson,* J., presiding, refusing a new trial after verdict directed for plaintiff.

*Kitchel, Cohen & Shaw* and *F. V. Brown,* for appellant.

*J. V. V. Lewis,* for respondent.

Dickinson, J.   The only question in this case is whether the plaintiff was entitled to hold, as exempt property, a horse seized by the defendant, the sheriff of Hennepin county, by virtue of an execution to satisfy a judgment against the plaintiff.   At the trial the court directed a verdict for the plaintiff, thus ruling that the evidence conclusively showed that the plaintiff was entitled to hold the horse as exempt property.   The evidence showed the following state of facts: The plaintiff is a farmer residing in McLeod county.   He had raised this horse from a colt, and when he was four years old he had broken him for use.   That was in the fall of 1887.   He used him with another horse for farm work.   For six or seven months before the levy the plaintiff had the horse in the care of one Phelps, a trainer and driver of fast horses, for the purpose, as may perhaps be inferred, either of having him trained for fast trotting or racing, or of testing the capacity and quality of the horse for speed.   The horse was in the possession of Phelps in Minneapolis, in Hennepin county, when he was levied upon.   The plaintiff had before that time gone to take the horse home to put him to work, but he was unable to do so because of the sickness of the horse.   It does not appear that the horse

was ever used for racing, except that once Phelps started him in a race, which "flattened out." At the time of the levy the plaintiff owned three other horses and two colts on his farm in McLeod county. After the levy upon this horse, the plaintiff demanded the return of the animal, claiming it to be exempt property. The horse is of the value of $500.

The principal ground of the defendant's contention that the court erred is that a horse trained, and intended to be used, and actually used, as a race-horse, is not exempt from levy and sale on execution. We are of the opinion that the case does not involve that question. There is no substantial conflict in the evidence. Giving to it a construction most favorable to the defendant, it fails to show a state of facts, as to the quality and use of the horse, which would deprive the plaintiff of his right to select and hold him as exempt. It is not a matter of doubt that the plaintiff was entitled to hold as exempt a span of horses, and he might select them for exemption from those owned by him. The demand and notice to the sheriff were sufficient to constitute a selection of this animal, and the exemption must be allowed to him, unless at least it is shown that the use which the owner was making of the horse, or the use for which he was kept and intended, was so extraordinary that it should be said that the statute was not intended to be applied to such a horse, kept and used for such purposes. The evidence fails to show that at the time of the levy the horse was a race-horse, that he was used for that purpose, or that the owner intended him for such use. He had broken him to use in farm work, and prior to the levy he had gone to take him back for use on the farm, and was only prevented from doing so by reason of the sickness of the horse. The utmost that can be claimed to be properly inferable from the evidence is that prior to the levy the plaintiff had subjected him to training, either for the development of the quality of speed or to ascertain whether he had capacity in that direction. Upon the very meagre evidence in the case, and in view of the fact that the plaintiff had before the levy intended to take the horse back for use on the farm, the conclusion would not have been justified that at the time of the levy the horse was kept or was intended to be used as a race-horse.

It is further contended on the part of the appellant that the plaintiff could not make his selection effectual without at the same time pointing out and surrendering to the officer his other horses, not claimed to be exempt. Even if this would be the duty of the debtor under ordinary circumstances,—as to which we express no opinion, —it was not necessary for the plaintiff to do that in this case. His other horses were in McLeod county, and it was not necessary for the plaintiff, as a condition of his asserting his right to select and hold this horse as exempt, that he bring his other horses from the county of McLeod into the county of Hennepin, so that this officer might levy upon them or upon some of them.

Order affirmed.