SCHOUWEILER *et al.* v. HOUGH.

While a motion to file a supplemental complaint is ordinarily addressed to the sound legal discretion of the court, the same should be granted almost as a matter of course, in the interest of justice, and for the protection of plaintiff's rights, when material facts alleged therein have occurred since the commencement of the action, and relate thereto; but an order denying such motion will not be reviewed and reversed

upon a record that neither shows an abuse of discretion nor that plaintiffs were prejudiced by the ruling of the court.

(Syllabus by the Court.    Opinion filed June 15, 1895.)

Appeal from circuit court, Brookings county. Hon. J. O. Andrews, Judge.

Action to foreclose a chattel mortgage. A motion for leave to file a supplemental complaint was denied, and plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Alexander & Fairlamb* and *Mathews & Murphy,* for appellants.

A supplemental pleading must relate to the same cause of action as the original and must be considered with and additional to the former pleading. Stafford v. Howlett, 1 Paige, 201; Maxwell, Code Pl. 587; Code Civ. Proc. § 4942; Baker v. Bristol, 6 Cal. 483; Moss v. Shear, 30 Cal. 468; Reynolds v. Harris, 14 Id. 668; Fuicke v. Roucke, 20 Hun. 264; King v. Longworth, 7 Ohio 585; Glenn v. Hoffman, 2 West. L. M. 599.

*Hall & Jenkins,* for respondent.

No appeal lies from an order denying a party a supplemental pleading. Medbury v. Swan, 46 N. Y. 200. A supplemental complaint can only enlarge or change the kind of relief to which a party may be entitled where a cause of action exists at the time of the commencement of an action. Lowry v. Harris, 12 Minn. 255; Meyer v. Berlandi, 40 N. W. 518; Watson v. Shehan, 17 Abb. Pr. 184; McCullock v. Colby, 4 Bosw. 603; Chandler v. Petit, 1 Paige, 168; Penman v. Slocum, 41 N. Y. 60.

Fuller, J. This appeal is from an order denying plaintiff's motion or application for leave to file a supplemental complaint in an action to foreclose a chattel mortgage, given by defendant to secure the payment of a promissory note which had not matured, according to its terms, at the time the suit was instituted. By the terms of the mortgage which was made a part of the original complaint, the mortgagees were expressly authorized to foreclose at

any time they deemed themselves insecure, or in case the mortgaged property depreciated in value; and it was alleged that the property described in the mortgage had greatly depreciated in value, and that plaintiffs, deeming themselves insecure, had elected to foreclose said mortgage, and apply the proceeds of the sale to the payment of the indebtedness secured thereby. It appears incidentally that defendant answered, but the nature of his defense is not disclosed by the record. The time for which the note was to run having expired during the time the action was pending, the nonpayment thereof at maturity was alleged in the supplemental complaint, which contained a prayer for the same relief demanded in plaintiff's original complaint.

Section 4942 of the Compiled Laws provides that "the plaintiff * * * may be allowed on motion to make a supplemental complaint, * * * alleging facts material to the case occurring after the former complaint * * * was made." And thus an exception usually recognized in Code states is made to the rule that a party must rely upon his cause of action as it existed at the commencement of the suit. While we regard the statute directory, as the word "may" was evidently not employed as a mandatory expression, we are inclined to the belief that an application to file a supplemental complaint should ordinarily be granted when it relates to the same cause of action, and the matter contained therein appears to be material to the plaintiff, and when it is clear that a court, by an abuse of its discretion, has materially prejudiced the rights of the party by a refusal to grant leave to file a supplemental complaint, the action of such court will be reviewed on appeal. Under the allegations of the complaint based upon the stipulation in the mortgage, plaintiffs would be entitled to all the relief demanded in their supplemental pleading, upon proof of a material depreciation in the value of the property occurring since the execution of the mortgage, or of other facts sufficient to justify the mortgagees in deeming themselves insecure. Humpfner v. Osborne, 2 S. D. 310, 50 N. W. 88; Allen v. Vose, 34 Hun. 57; Botsford v. Murphy, 47 Mich. 536, 537, 11 N. W. 375, 376; Roy v. Goings, 96 Ill. 361.

In the absence of an answer traversing the averments upon which plaintiffs rely, and with nothing before us to indicate that defendant was in a position to resist a foreclosure and sale of the property in satisfaction of the indebtedness secured by the mortgage, we cannot assume that the action of the court in denying the motion to file a supplemental complaint was prejudicial to plaintiffs, or that the court abused its discretion in making the order from which the appeal is taken. It must be presumed that the trial court, upon an examination of the answer of the defendant, which is not before us, and upon due deliberation, exercised a discretionary power, which cannot be reviewed and reversed upon the record presented; and the order appealed from is therefore affirmed.