Argued 11 February; decided 8 April, 1901.

## THIBAULT v. LENNON.

[64 Pac. 449.]

DISMISSAL OF APPEAL FROM COUNTY COURT—SUPPLYING RECORD.

1. Under Hill's Ann. Laws, § 542, authorizing the court to which an appeal is taken to make a rule on the clerk of the court below to certify up anything omitted from the transcript, and authorizing the dismissal of the cause on the respondent's motion for such a defect, unless such a rule shall be made at the request of appellant, a motion by respondent to dismiss an appeal from the county court to the circuit court because the transcript does not include a copy of the notice of appeal, should be overruled and the appellant should be given leave to supply such defect, as requested in his cross motion.

CLAIM FOR EXEMPTION—OTHER PROPERTY.

2. When a judgment debtor desires to claim an exemption from execution he must give timely notice to the officer, and must select the property that he desires to reserve; such right of selection is absolute, and without reference to his ownership of other property that may be subject to the writ.

From Coos : J. C. FULLERTON, Judge.

Action by Kate F. Thibault against J. A. Lennon to recover exempt property levied on by defendant. In an action pending in a justice's court, the defendant, as constable, attached certain household goods, which the plaintiff some days later claimed as exempt from execution and attachment, being in actual use and kept for use by her and for herself and family for household purposes. Upon his refusal to comply with her demand, she instituted this action in the county court of Coos County, to recover the possession thereof, wherein she was successful, and the defendant appealed to the circuit court. The transcript having omitted a copy of the notice of appeal, the plaintiff moved on that ground for a dismissal, but on cross motion the defendant was given leave to supply the record, which was accordingly done, and the motion to dismiss was denied. At the trial the plaintiff produced evidence tending to show that she was a married woman and a householder ; that she was the owner of the property sued for, which is of the value of $107.75 ;

and at the time of the attachment was in actual use and kept for use by and for her family, and that it was necessary therefor; that said property was attached on January 26, 1897, while she was temporarily absent, but that as soon as she discovered what had been done—that is to say, on or about January 29, 1897,— she claimed and demanded it from the officer as exempt from execution and attachment, but that he refused to redeliver the same to her, and still retains it.  Having rested her case, the defendant moved for a nonsuit, and the same was granted upon the specific ground that the plaintiff had failed to prove that the property in controversy was all the household goods, furniture, and utensils she owned at the time of the commencement of the action, and that she was not withholding or had not other property of the kind.  Judgment having been entered dismissing the action, plaintiff appeals.                                             REVERSED.

For appellant there was a brief over the names of *John S. Coke, Jr.*, and *John F. Hall*, with an oral argument by *Mr. Hall*.

For respondent there was a brief over the names of *D. L. Watson, Jr.*, and *T. S. Minot*, with an oral argument by *Mr. Minot*.

MR. JUSTICE WOLVERTON, after stating the case as above, delivered the opinion of the court.

1.   The statute requires that the transcript on appeal shall contain, among other things, a copy of the notice of appeal:  Hill's Ann. Laws, § 541.   Undoubtedly, the omission left the transcript incomplete.   By section 542, when it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular substantially affecting the judgment or decree appealed

from, the court shall, upon motion of the respondent, make a rule upon the clerk of the court below to certify up the omitted order, entry, or paper. But the respondent may, if he desires, file a motion to dismiss the appeal, which the court must allow, unless on the cross motion of the appellant it make a rule directing the clerk to supply the omission.* This affords ample authority by which to require the completion of an imperfect transcript. There was apparently a genuine effort to perfect the appeal in accordance with the statute, but by reason of the loss of the notice it could not be included in the record until it was supplied, and this without the fault of the appellant. There was a transcript filed, which was incomplete because it did not include the particular paper designated. Now, the appellate court is given power to require the proper officer to supply the omission and complete the transcript, so that the jurisdiction of the court was in no way affected by the absence of a copy of the notice from the record. It can hardly be said that the omission of this paper substantially affected the merits of the judgment appealed from ; yet, as the law requires it to be in the record, the appellant was entitled to have it brought up, and when that was done it was all that the respondent could ask. The court having acquired jurisdiction, a dismissal was properly denied.

2. Household goods, furniture, and utensils of the value of $300, if owned by a householder, and in actual use or kept for use by and for his family, are exempt from execution if selected and reserved by the judgment debtor at the time of the levy, or as soon thereafter and

---

*NOTE.—By Section 902 of Hill's Ann. Laws the provisions of Chapter VI, Title IV, which concern appeals to the supreme court, are made to control appeals from county to circuit courts, except as to decisions given or made in the transaction of county business.—REPORTER.

before the sale as the same shall be known to him : Hill's
Ann. Laws, § 282. Property of the nature indicated is
not exempt except upon condition. The debtor must
become an actor, and, in order to secure the benefit of
the statute, must by timely interposition select and
reserve such as he claims to be exempt when the officer
seeks to take it in satisfaction of his writ. However,
when he has done this, in the absence of fraud or any
attempt to cover up other property of a like nature, or
to secrete and so dispose of it as to elude the efforts of
the officer, he has done all that is necessary for him to
do in order to secure the benefits accorded. The policy
of the law is to extend the privilege of selecting such
property as he may desire, not exceeding $300 in value.
This he may do, although he possesses much more of the
same kind, and the officer must look to such as he does
not claim. It was said in *Smith* v. *Slade,* 57 Barb. 637,
640 : "It is quite immaterial whether or not the plain-
tiff has not other articles besides those levied on, also
exempted by statute, which, with those claimed in the
action, exceed $250. The statute limits the exemption
by enumerating the articles which, within the value of
$250, are exempt; and, if the articles so enumerated
exceed that limit of $250, the debtor may elect which
description of property he will have exempted, if this
election is made within a reasonable time." And again,
in *State* v. *Finn,* 8 Mo. App. 261, 264 : "The question
whether plaintiff's relator had other property or not is
immaterial. * * * If the sheriff says the debtor
claiming exemption has other property not exempt, it is
for him to find it and seize it. The execution debtor, no
matter what other property he may have, has a right to
select and claim particular property up to that limit fixed
by the law." "By the weight of the authority," say
the learned authors in 12 Am. & Eng. Ency. Law (2 ed.),

161, "both under statutes exempting specific articles and
under statutes exempting property generally not exceed-
ing a certain sum in value, the debtor's right to select
and hold particular property as exempt is not in any
way affected by the fact that he owns other property
which is subject to execution, and which he has not sur-
rendered to the officer." In further support of this view
of the law, see *Bray* v. *Laird*, 44 Ala. 295; *Baldwin* v.
*Talbot*, 43 Mich. 11 (4 N. W. 547) ; *Anderson* v. *Ege*, 44
Minn. 216 (46 N. W. 362) ; *Wilcox* v. *Hawley*, 31 N. Y.
648; *Elder* v. *Williams*, 16 Nev. 416; *Ross* v. *Hannah*,
18 Ala. 125; *Williamson* v. *Harris*, 57 Ala. 40 (29 Am.
Rep. 707).

There are some states—notably Illinois—wherein it is
held that the debtor is required, if he has more property
than he is entitled to hold as exempt, to surrender or point
it out to the officer before he is entitled to the release of
that which he has selected and demanded ; but our statute
requires no such condition precedent at his hands. When,
however, his right to the exemption is questioned, he must
be able to show the necessary facts to entitle him to the
privilege, namely, that he is a householder ; that the
property claimed consists of household goods, furniture,
and utensils, which are in actual use or kept for use by
and for his family ; that he is the owner ; and that its
value does not exceed $300. When he has affirmatively
proven these facts, he has established his claim (*Stewart*
v. *McClung*, 12 Or. 431, 53 Am. Rep. 374, 8 Pac. 447),
and he is not required to go further in order to prevail
against the officer whom he has been compelled to sue in
a court of justice to recover the possession of the property
seized. It follows, therefore, that plaintiff was not re-
quired to show that she had not other property of the
kind, or that she was not withholding any such, before
she was entitled to that which was attached, and she

should have been permitted to go to the jury upon the case made. The trial court was therefore in error in granting the nonsuit, for which the judgment will be reversed, and the cause remanded for a new trial.

REVERSED.