## NELSON v. OIUM.

Rev. Code Civ. Proc. § 345, provides for certain absolute exemptions for a debtor, and section 346 provides that a debtor who is the head of a family may select from the property, not otherwise exempt, additional personal property not exceeding $750 in value, which is also exempt and must be chosen and appraised as provided by law.    Section 347 provides that the debtor may select certain specific property which shall be exempt, instead of the exemption granted in the preceding section.   Section 355 provides that, whenever a debtor desires the benefit of section 346, he must make a schedule of his property under oath as therein prescribed.    Section 357 provides for appraisement and selection by the debtor therefrom if it exceeds the limitation in value, leaving the remainder, if any, subject to legal process.   Defendant, a sheriff, levied an execution on certain property belonging to plaintiff, who served a schedule of his property on defendant, claiming all of it as exempt.    The appraisers were duly appointed, and the property valued at $1,027.70. Defendant notified plaintiff to immediately make his selection of property claimed as exempt, and upon failure to do so took two horses, and subsequently sold them.    Before the sale, and within three days after appraisement plaintiff served notice on defendant that he claimed the horses as exempt and demanded possession of them, and upon defendant's refusal to deliver sued to recover their value.   **Held,** that section 347 had no application to the case, since plaintiff's original selection was under section 346, and that plaintiff had a reasonable time after appraisement in which to make the second selection.

Upon being notified of the second selection, defendant was required under the law to return the property selected, to the debtor on demand, and was liable for its value on failure to do so.

An action for conversion was plaintiff's proper form for remedy.

By failing to make selection immediately on being notified that the selected property exceeded $750, plaintiff did not waive his exemption, for he had a reasonable time in which to consult his attorney and to make his selection.

The selection was made within a reasonable time.

Plaintiff was not required to turn over other property upon claiming the two horses, since, under section 357, he was simply required to leave it subject to legal process.

The fact that plaintiff had other property of the value of $750 remaining in his possession after seizure of the horses in question was immaterial, either on the question of damages or for any other purpose of damages or for any other purpose, for a debtor's right to select and hold property as exempt is not affected by the fact that he owns other property subject to execution which he has not surrendered to the officer.

Refusal to give an instruction which is substantially given in other instructions is not error.

Exemption laws of this state should be liberally construed.

(Opinion filed, January 15, 1908.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by Peter Neilson against Harris Oium, sheriff, for conversion. From a judgment for plaintiff, defendant appeals. Affirmed.

*Hall, Lawrence & Roddle*, for appellant. *Olaf Eidem*, for respondent.

CORSON, J. This is an action instituted by the plaintiff to recover the value of two horses alleged to have been converted by the defendant. The verdict and judgment being in favor of the plaintiff, the defendant has appealed.

The facts disclosed by the record may be briefly stated as follows: The McCormick Harvesting Machine Company obtained a judgment against the plaintiff Neilson, and an execution was issued thereon and placed in the hands of the sheriff of the county of Brookings for execution. It further appears that the sheriff proceeded to levy upon certain personal property of the said Neilson, and thereupon Neilson served upon the sheriff a schedule of his property, claiming all of the same as exempt, and selected an appraiser of the said property; that thereupon the sheriff selected one appraiser, and the two selected the third as provided by statute, and an appraisement of the property described in the schedule was made resulting in fixing the value to be $1,027.70; that the sheriff thereupon notified the judgment debtor, Neilson, to immediately make his selection of property claimed by him to be exempt; that, Neilson failing to designate what property in the schedule he claimed as exempt at that time, the sheriff took the two horses in controversy, and subsequently proceeded to sell the same under his execution; that before the sale and within three days after the appraisement, and before the day of sale, Neilson served upon the sheriff a notice that he claimed the two horses as exempt, and demanded possession of the same, but the sheriff refusing to deliver them, this action was instituted.

The defendant as grounds for reversal of the judgment in this action contends (1) that this is an action for the conversion of the property, and the only damages recoverable in such an action is the actual detriment caused to the plaintiff and, as it appears that plaintiff had left property to the value of $750 after deducting the value of the two horses, he was entitled to recover no damages in this action; (2) that, as it appears by the testimony that the plaintiff retained $750 worth of personal property and the exemption contemplated by our statute "being an exemption of value and not of specific kinds," so far as it applies to this case, the plaintiff, if he made any claim to any particular property taken by the defendant, must have offered to return other property, so that the exempt property retained by the plaintiff would not exceed the value of $750; (3) that the defendant was entitled, in any event to prove that the plaintiff was not damaged or injured, as he had, in fact, received his exemption of $750 and was not therefore damaged except in a nominal amount; (4) that plaintiff cannot claim damages for denial of the right to select certain specific property, as his right of action is only for damages for conversion, and therefore the measure of damages to which he was entitled was only for the actual loss and detriment not the value, of the property.

We are of the opinion that the defendant's contention cannot be sustained, as it is in our opinion based upon an erroneous construction of the exemption statute of this state. Section 345 of our Revised Code of Civil Procedure provides for absolute exemptions, and section 346 provides as follows: "In addition to the property mentioned in the preceding section, the debtor, if the head of a family, may, by himself or his agent or attorney select from all other of his personal property not absolutely exempt, goods, chattels, merchandise, money or other personal property, not to exceed in the aggregate seven hundred and fifty dollars in value; and if a single person, not the head of a family, property as aforesaid of the value of three hundred dollars, which is also exempt, and must be chosen and appraised as hereinafter provided." It will be observed that by the provisions of this section the debtor, if the head of a family, may by himself or his agent or

attorney "select from all other of his personal property not absolutely exempt, goods, chattels, merchandise, money or other personal property not to exceed in the aggregate $750 in value." It will be further observed that the only limitation to the debtor's right to select his exemptions from his personal property is that the selection so made shall not exceed $750 in value. It is clear, therefore, that the debtor may select such property as he desires to retain as exempt within the limitation above stated. Section 355 provides: "All the articles enumerated in the foregoing sections which are exempt by limitation of number must be chosen by the debtor, his agent or attorney; so also all property exempt by limitation of value must be determined by an appraisement made under the direction of the sheriff or other officer. * * *" It is further provided in that section that, whenever any debtor desires to avail himself of the benefit of section 346, he is required to make a schedule of all his personal property under oath as therein prescribed. The clause of section 355 providing that all the articles enumerated in the foregooing sections "which are exempt by limitation of number' evidently refers to section 347, which provides: "Instead of the exemptions of personl property granted in the preceding section the debtor may select and choose the following property which shall then be exempt." This section has no application to the case at bar, for the reason that the debtor proceeded to claim his exemptions under section 346. Upon the appraisement being made showing that the value of the property claimed by him as his exemptions exceeded in value $750, he was required by section 357 from the appraisement so made, if over the limitation in value, to select not exceeding the amount of $750, "leaving the remainder, if any, * * * subject to legal process." But he must have a reasonable time in which to make this second selection, as no time is prescribed by the provisions of that section. This selection it seems he did make within three days after he was served with notice that the property included in his schedule exceeded $750 in value. The sheriff, upon being notified of this second selection, was under the law required to return to the judgment debtor the property so selected by him upon his demand, and, failing to release his levy upon said property and

return the same to the judgment debtor, he became liable for the value of the same.

The action for conversion was the proper action. Wilcox v. Hawley, 31 N. Y. 648; State ex rel. Fulkerson v. Emmerson, 74 Mo. 607; Holdridge v. Lee, 3 S. D. 134, 52 N. W. 265; Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840. The claim made by the sheriff that the plaintiff refused to make his second selection of property claimed by him as exempt at the time he notified him that the scheduled proprty exceeded in value $750, and thereby waived his exemption, cannot be sustained. It was the duty of the sheriff, after giving the judgment debtor such notice, to also give him reasonable time in which to consult his attorney and make his selection. In ex rel. Fulkerson v. Emmerson, supra, the Supreme Court of Mssouri held, as it appears by the headnote, "that the defendant entitled to claim property as exempt from execution may exercise his right at any time before the property is sold. It need not be before the commencement of the sale. While we do not wish to be understood as holding in the case at bar that a debtor may wait until the sale before claiming his exemptions, we are of the opinion that he should be given a reasonable time in which to claim his exceptions, and that the notice given by the plaintiff in this case was given within a reasonable time.

The contention of the defendant that, if the judgment debtor claimed the two horses, it was his duty to surrender to the defendant othe1 property of equal value, is not tenable. The statute, as we have seen, provides that from the appraisement so made, if over the limitation in value, the debtor may select the amount in value of $750, leaving the remainder, if any, subject to legal p1ocess. It is not the duty, therefore, of the judgment debtor to turn over any of this property to the officer, as he is simply required to leave it subject to the levy of the officer if he chooses to l·vy upon the same. In 12 Am. & Eng. Enc. of Law, 161 the law applicable in this class of cases is thus stated: "By the weight of authority, both under statutes exempting specific articles and under statutes exempting property generally not exceeding a sum in

value, the debtor's right to select and hold particular property as exempt is not in any way affected by the fact that he owns other property which is subject to execution, and which he has not surrendered to the officer." And this view seems to be sustained by the authorities. Thebault v. Lennon, 39 Or. 280, 64 Pac. 449; Smith v. Slade, 57 Barb. (N. Y.) 637; State v. Finn, 8 Mo. App. 261; Bray v. Laird, 44 Ala. 295; Baldwin v. Talbot, 43 Mich. 11, 4 N. W. 547; Anderson v. Ege, 44 Minn. 216, 46 N. W. 362; Elder v. Williams, 16 Nev. 416; Stewart v. McClung, 12 Or. 431, 8 Pac. 447; Wheeler v. Cropsey, 5 How. Prac. (N. Y.) 288; Wilcox v. Hawley, supra. In the latter case the Court of Appeals of New York says: "Property to the value named was withdrawn for reasons deemedwise by the Legislature, from the operation of execution creditors. Whether the debtor had more or less beyond that was, and is, wholly immaterial"—and quoted the following from Wheeler v. Cropsey, supra: "In determining whether the term was necessary, it is entirely immaterial whether the debtor had or had not other ample means to pay the debt. If the fact that he had money enough to pay the debt is to control this question, then a teamster's horses and a mechanic's working tools are not to be exempt if the owner has money enough in his pocket to pay the judgment. This cannot be the test. We think the team of every teamster, and of every other man, when it is necessary to his use, is exempt, although the owner may be worth thousands of dollars in money or in other property. The exemption is not made in the statute to depend on the pecuniary ability of the debtor. When the debtor has money or other property, the law has provided ample remedies for collection, without resorting to exempted property for the satisfaction of the debt." It is therefore immaterial in this case as to whether or not the judgment debtor had or had not personal property of the value of $750 remaining in his possession after the seizure by the sheriff of the two horses in controversy.

It is further contended by the defendant that he should have been permitted by the court to prove that the judgment debtor had in his possession personal property of the value of $750 independently of the two horses in controversy in mitigation of dam-

ages; but this evidence was clearly immeatrial for the reasons heretofore stated

It is further contended by the defendant that the court erred in refusing to instruct the jury that the burden of proof that the property was exempt was upon the plaintiff; but it appears from the charge of the court that he gave substantially the instructions requested by the defendant, and, having covered the point by his instructions, he was no rtequired to repeat the instructions in the language of the counsel.

It is further contended that the court erred in refusing to instruct the jury that, if the plaintiff had waived his selection of specific property under his claim for exemptions, the sheriff had the right to select, and the plaintiff would be bound thereby. It appears from examination of the judge's charge that the court instructed the jury upon that subject also substantially in the language requested.

Other instructions were requested by the defendant. Under the views herein expressed by this court, they were properly refused. This court has uniformly held that the exemption law of this state snould be liberally construed in favor of the debtor, and, as was stated by this court, speaking by Mr. Justice Fuller, in Linander v. Longstaff, 7 S. D. 158, 63 N. W. 776: "The beneficent considerations which prompt the enactment of humane exemption laws and require a liberal construction of the same have been so often repeated by text-writers, and so uniformly applied by the courts, that a discussion of the subject or citation of authorities would be entirely gratuitous."

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.