Submitted on petition for rehearing from an order made November 25; appeal dismissed November 25; rehearing denied December 30, 1941

# SCHAEFER *v.* MONTGOMERY WARD & CO.

(120 P. (2d) 235

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Randall & Perry*, of Pendleton, for appellant.

*Homer I. Watts*, of Athena, and *C. C. Proebstel*, of Pendleton, for respondent.

KELLY, C. J. A petition for rehearing having been filed, it is deemed proper that an opinion should be rendered upon the propriety of our order dismissing this appeal.

■ The reason that the appeal was dismissed is that a majority of the court thought the failure to include in the transcript a copy of the return of service of the notice of appeal within the time required by law to file the other papers comprising the transcript prevented this court from acquiring jurisdiction. In other words, where, as in this case, such return of service has not been so filed, this court does not acquire jurisdiction.

Defendant's undertaking on appeal was filed with the clerk of the circuit court on June 3, 1941. No exceptions to the qualifications of the surety thereon were filed. Defendant's motion for an order in diminution of the record requiring the clerk of the trial court to certify to this court the notice of appeal together with the acknowledgment of due and proper service thereof was filed herein on November 5, 1941.

■ The statute contains the following provision:

"Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal, *and proof of service* thereof, and of the undertaking on appeal; * * *; and after compliance with the provisions hereof the appellate court shall have jurisdiction of the case, *but not otherwise.*" [Italics supplied.] Excerpt from section 10-807, Vol. 2, O. C. L. A. p. 231.

This statute is plain, unambiguous and mandatory.

■ As said by Mr. Justice BRAND, in *Re Estate of Anne Cooke*, deceased, ante p. 58, 115 P. (2d) 302.

"The minimum which can satisfy jurisdictional requirements under the statute is that the short transcript, containing a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal, be filed within the time allowed. Walker v. Fireman's Fund Ins. Co. 122 Or. 179, 257 P. 701 (1927); Kelley v. Pike, 17 Or. 330, 20 P. 685 (1889); Burchell v. Averill Mach. Co., 55 Or. 113, 105 P. 403 (1909); Credit Service Co. v. Peters, 116 Or. 138, 216 P. 742 (1923); Lasene v.

Syvanen, 123 Or. 615, 257 P. 822, 263 P. 59 (1928);
Greener v. Chipman, 137 Or. 659, 2 P. (2d) 1118 (1931);
Derby v. Newton, 138 Or. 6, 4 P. (2d) 314 (1931); Lloyd
v. Brown, 138 Or. 58, 288 P. 505, 5 P. (2d) 83 (1931)."

■ As stated by the late Mr. Justice BROWN:

"This court has repeatedly held that the right of
appeal being statutory, the procedure authorizing it
must be followed, and that the transcript must disclose
notice of appeal and proof of service thereof." *Streby
v. State Industrial Accident Commission*, 107 Or. 314,
321, 215 P. 586.

This court, speaking through the late Mr. Justice
BENSON, applied the above stated rule in the following
opinion:

"The transcript discloses that the notice of appeal
was filed February 14, 1917, but does not contain any
proof of service thereof. Appellant has filed his affi-
davit to the effect that he did serve the notice of appeal
and file proof thereof, but that such proof was lost or
mislaid in the clerk's office. Since the presence of such
proof in the transcript is jurisdictional (Wolf v. Smith,
6 Or. 73), the motion must be allowed and the appeal
is dismissed." *Smith v. Director*, 84 Or. 631, 165 P.
1171.

Counsel for appellant cite but three cases decided
subsequent to *Smith v. Director*, supra.

In *In re Andersen's Estate*, 101 Or. 94, 101, 188 P.
164, 198 P. 236, this court permitted an amended under-
taking to be filed. The case at bar does not present a
proposed amended proof of service.

*Streby v. State Industrial Accident Commission*,
107 Or. 314, 215 P. 586, holds that an appeal from find-
ings made by the state industrial accident commission
is not governed by the provisions of the statute under
consideration here. Obviously, it is not in point.

In *Winter v. Heyden*, 149 Or. 20, 36 P. (2d) 183, 37 P. (2d) 871, a motion to dismiss the appeal was denied. There, the original notice of appeal and undertaking on appeal were included in the transcript instead of certified copies thereof. Following the earlier case of *Smith v. Algona Lumber Co.*, 73 Or. 1, 136 P. 7, 143 P. 921, appellant was permitted to file certified copies of said originals. The question of substituting a certified copy of an original return of service is not before us in the case at bar. Neither the original return nor a copy thereof was included in the transcript.

As the writer views the case of *Thibault v. Lennon*, 39 Or. 280, 64 P. 449, 87 Am. St. Rep. 657, the effect there given to section 542, Hill's Ann. Laws, now section 10-809, O. C. L. A., was not justified by which its provisions were invoked to permit an order in diminution of the record requiring a copy of the notice of appeal to be added to the transcript. The language of that section limits its effect to those cases "when it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular *substantially affecting the merits* of the judgment or decree appealed from." (Italics supplied.)

In the opinion in *Thibault v. Lennon*, supra, it is stated:

"It can hardly be said that the omission of this paper substantially affected the merits of the judgment appealed from."

With that the writer agrees. The writer thinks that the only logical conclusion from such a premise is that the section so limited by its terms had no application whatever to the facts in that case or in the case at bar.

The late Mr. Justice BURNETT, in discussing the section which is now section 10-809, O. C. L. A., said:

"This section was a part of the original civil code enacted in 1862 and was in force at a time when the transcript as such was exactly defined to be a certified copy of the judgment-roll, which included the summons, the pleadings, journal entries and bill of exceptions, 'together with a copy of the notice of appeal, and any order enlarging the time to file the transcript, and a certificate of the filing of the undertaking, whether by the appellant or respondent, the names of the sureties therein, the amount thereof, if the same is specified, and if given by the appellant, whether the undertaking is given for an appeal only, or a stay of proceedings also.' Hill's Code, § 541. Section 555 [now section 10-809, O. C. L. A.] refers by its own terms to papers 'affecting the merits of the judgment,' evidently meaning those giving the history of the case preceding the judgment from which alone may be discerned the errors to be corrected.

Under this statute the respondent had a right to demand the presence of every such paper constituting the original judgment-roll. Although the section has never been expressly repealed it must be read in connection with the later legislation now embodied in section 554, [Bearing amendments of 1927 and 1937, this section is now section 10-807, O. C. L. A.], requiring that an order for enlarging the time to file a transcript must be made within the time prescribed by that section, viz., 30 days after the perfection of the appeal. The later section has declared that after compliance with its provisions the 'appellate court shall have jurisdiction of the cause, but not otherwise,' so that if the appellant would perfect the transcript so as to make it comply with the statute he must move within the time allowed therefor by section 554, even for the purposes named in the following section. The later legislation controls the former.

The defendant is here lacking one of the essential elements prescribed by the statute for conferring juris-

diction upon this court, namely, a copy of the judgment or decree appealed from, but we cannot reach out and help it into this court where we have no jurisdiction." *Oxman, et al. v. Baker County*, 115 Or. 436, 455, 456, 234 P. 799, 236 P. 1040.

The only distinction between *Oxman et al. v. Baker County*, supra, and the case at bar is that in the case at bar the essential element lacking is a copy of the proof of service of the notice of appeal, while in the Oxman-Baker County case the element lacking was a copy of the judgment or decree appealed from. Both are prescribed by the same statute as essential to confer jurisdiction upon this court.

The distinction between *Byers v. Ferguson*, 41 Or. 77, 65 P. 1067, and the case at bar is that there is no paper in the transcript in the instant case partaking in any way of the nature of proof of service of the notice of appeal; while in the Byers-Ferguson case a transcript of the judgment lien docket was included in the abstract instead of a copy of the judgment from which the appeal was taken.

The case of *Ferrari v. Beaver Hill Coal Co.*, 54 Or. 210, 94 P. 181, held that the matter of permitting an order in diminution of the record to supply a copy of the notice of appeal is regulated by a rule of this court. This rule was then known as rule 35. Our present rule 7 has the same provision.

■ The statute declares in effect that the filing of a certified copy of such notice within the prescribed time is a necessary prerequisite to jurisdiction. In the opinion of the writer this court cannot by rule of court amend the statute in that regard.

While no mention is made of the Ferrari-Beaver Hill Coal Company case in the opinion in the later

case of *Smith v. Director*, supra, nevertheless, the later pronouncement must be deemed to control unless unsupported by authority and good reason.

■ The case of *Mutual Irrigation Co. v. Baker City*, 58 Or. 306, 110 P. 392, amplifies the provisions of section 554, B. & C. Comp. which section, as stated, is now section 10-809, O. C. L. A., so that when "the transcript is incomplete in any particular," this court is authorized to make a rule on the clerk of the trial court requiring him to transmit a copy of the paper so left out.

■ In point of fact, the incompleteness of the transcript of which said section authorizes such correction must be one substantially affecting the merits of the judgment or decree appealed from. The absence of a copy of the proof of service of a notice of appeal is not such an omission as substantially affects the merits of the judgment or decree appealed from.

The single question here is whether the statutory mandate respecting the procedure by which the jurisdiction of this court may be invoked shall be observed and obeyed. The doctrine of *Smith v. Director*, supra, is to the effect that the statute should be upheld.

■ The majority of this court think that case should not be overruled. They are of the opinion that such statutory provision is controlling; and, if there is any question as to its wisdom, such question is for the legislative rather than the judicial branch of government to solve.

For the foregoing reasons, the petition for a rehearing is denied.

BAILEY, J., dissents.