Argued on motion to dismiss November 3, decided December 14, 1909.

**BURCHELL *v.* AVERILL MACHINERY CO.**

[105 Pac. 403.]

APPEAL AND ERROR—RECORD—TIME FOR FILING.

1. Failure to file the transcript or abstract of record on appeal within 30 days after perfecting the appeal is fatal, and an abstract of record as filed, where it does not contain a copy of the judgment, notice of appeal, proof of service thereof, or the undertaking on appeal, as required by Section 553, B. & C. Comp., will not give jurisdiction of this court over the cause.

APPEAL AND ERROR—TIME OF PERFECTING APPEAL.

2. Under Section 549, subds. 2, 4, B. & C. Comp., giving the adverse party five days in which to except to the sufficiency of the sureties on the appeal bond, and from the expiration of the time allowed to so except, or from the justification of the sureties if excepted to, the appeal shall be deemed perfected, where the sureties are not excepted to, the appeal is perfected five days from the serving of the bond on appeal, rather than at the time the bond was actually filed.

APPEAL AND ERROR—RECORD—ABSTRACT—AMENDMENT.

3. The requirements of Section 553, B. & C. Comp., that the abstract of record shall contain a copy of the judgment, notice of appeal, proof of service thereof, and the undertaking on appeal, are jurisdictional, and those matters cannot be supplied by amendment.

APPEAL AND ERROR—RECORD—AMENDMENT.

4. Defects or errors in a transcript or abstract, when not of a jurisdictional character, are, as general rule, amendable in the discretion of the court.

From Morrow: HENRY J. BEAN, Judge.

Statement by MR. JUSTICE SLATER.

The defendant has attempted to appeal to this court from a judgment rendered in the circuit court for Morrow County on June 19, 1908. At the time of the rendition of this judgment, defendant gave an oral notice of appeal, but no mention thereof was made in the journal. On May 11, 1909, the trial court, upon defendant's motion ordered the entry of the notice to be made of record *nunc pro tunc.* On the same day the court allowed defendant to file his undertaking on appeal, which had been executed and served on the plaintiff on February 2, 1909, and he did file it the 12th day of May,. 1909. On June 15, 1909, defendant filed in this court, at Pendleton, a printed abstract of the record in lieu of a transcript, but it is admitted by its counsel that the abstract so filed did not contain a copy of the judgment, the notice of appeal, or of the undertaking on appeal. Plaintiff has moved to dismiss the appeal, assigning several grounds therefor.

DISMISSED.

*Mr. Clinton E. Woodson,* for the motion.

*Mr. S. W. Stark, contra.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. The first reason advanced in support of the motion, which is that the transcript or abstract was not filed within the time prescribed by law, as well as the third, fourth, and fifth, which are to the effect that the abstract as filed does not contain a copy of the judgment appealed from, of the notice of appeal, and proof of service thereof, or of the undertaking on appeal, is fatal to the jurisdiction of this court over this cause.

2. Defendant's counsel contends that plaintiff had five days after the filing of the undertaking in which to except to the sufficiency of the sureties, and that, as no exceptions were taken, the appeal became perfected on May 18th. If this is correct, the filing of the abstract on June 15th was within 30 days after the appeal was perfected, and therefore within the limitation of the statute. But this contention is in direct contravention of the express declaration of the statute to the effect that the time in which the adverse party or his attorney is required to except to the sufficiency of the sureties is "within five days after service of said undertaking" and therefore it is not after the filing thereof. From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. Section 549, B. & C. Comp., subds. 2, 4. The undertaking on appeal in this case was served on February 2, 1909, and, as no exception was taken to the sureties, the appeal was perfected on the 7th of that month. To confer jurisdiction of the cause upon this court, defendant, therefore, was under the necessity of filing the transcript or abstract of the cause with the clerk of this court on or before March 21st. Section 553, B. & C. Comp., *Boothe* v. *Scriber,* 48 Or. 561, 568 (87 Pac. 887: 90 Pac. 1002). The abstract was not filed until June 15th, which is not within the limitation of the statute, and therefore this court is without jurisdiction of the cause: *Robinson* v. *Robinson Cheese Co.,* 50 Or. 453 (93 Pac. 253.)

3. The remaining objections going to the sufficiency of the abstract as filed are equally fatal. The printed abstract is not before us, as it has not been forwarded from Pendleton where it is on file, but it is admitted by defendant's counsel that the same does not contain a copy of the judgment appealed from, of the notice of appeal and proof of service, or of the undertaking on appeal.

When a party desiring to appeal depends upon the filing of an abstract in lieu of a transcript to confer jurisdiction of the cause, it is essential that it, as well as a transcript, contain a copy of the judgment appealed from, of the notice of appeal and proof of service thereof, and of the undertaking on appeal, for such is the express requirement of the statute. Section 553, B. & C. Comp. The omission from the abstract of any of these essential statutory requirements cannot afterwards be supplied by amendment because they are jurisdictional.

4. Defects or errors in a transcript or abstract, when not of jurisdictional character, are, as a general rule, amendable, in the discretion of the court, when laches is not imputable to the applicant: 3 Cyc. 140; *Skinner* v. *Lewis*, 40 Or. 571 (62 Pac. 523: 67 Pac. 951); *Fleischner* v. *Bank of McMinnville*, 36 Or. 553 (54 Pac. 884: 60 Pac. 603: 61 Pac. 345.)

The motion to dismiss is therefore allowed.

DISMISSED.