Motion to dismiss appeal denied and motion to supply record allowed.
Submitted on brief November 7, decided November 11, 1913.
Argued on the merits July 17, affirmed September 15, 1914.
Rehearing denied October 21, 1914.

## SMITH *v.* ALGONA LUMBER CO.

(136 Pac. 7; 143 Pac. 921.)

**Appeal and Error—"Transcript"—Definition.**

1. Section 554, L. O. L., as amended by Laws of 1913, page 618, provides that on an appeal being perfected, appellant within 30 days shall file with the clerk of the appellate court a transcript, or such an abstract as the law or the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service, and of the undertaking on appeal. *Held*, that while the word "transcript" in its usual and restricted acceptation means an exemplification, and as applied to a transcript of record denotes a writing or composition composed of the same words as the original, yet as defined by such act it means an abstract, such as is required by law or rules of the appellate court, of so much of the record as may be necessary intelligibly to present the question to be decided on appeal.

**Appeal and Error—Record on Appeal—Originals—"Pleading."**

2. Section 554, L. O. L., as amended by Laws of 1913, page 618, requires the filing of a transcript, or such an abstract of the record as the law and rules of the appellate court may require to intelligibly present the question to be decided by an appellate tribunal, and Laws of 1913, page 656, declares that when an appeal is perfected, the original pleadings and the original bill of exceptions shall be sent by the clerk, or other officer, of the trial court to the clerk of the supreme or appellate court, and shall be a part of the transcript, etc. *Held*, that while the original pleadings and bill of exceptions may be sent up as part of the transcript on appeal, the term "pleading" is not sufficiently broad to embrace the judgment or decree appealed from, the

73 Or.—1 · (1)

notice of appeal, proof of service, and the undertaking appeal, which must be brought into the record by copies.

**Appeal and Error—Transcript—Defect—Diminution of Record.**

3. Supreme Court Rule 40 (117 Pac. xiv) provides that to correct any error or defect in the transcript either party may suggest the same in writing to the Supreme Court, and on good cause shown obtain an order that the proper clerk certify up the whole or part of the record as may be required, or the same may be corrected by stipulation of counsel, in writing, filed with the clerk before argument. *Held*, that the failure of the clerk to include in the transcript copies of the judgment, notice of appeal, proof of service, and undertaking on appeal, where the originals had been sent up instead, was not jurisdictional, and that the court had power, on suggestion of diminution of the record, to order copies of such originals sent up in their stead, and to refuse to dismiss the appeal because of such objection.

**Ejectment—Issues on Proof—Title of Defendant.**

4. Under an allegation in the answer in an action of ejectment of title in fee simple, defendant may prove a tax title.

**Taxation—Tax Titles—Evidence.**

5. Under Section 3127, B. & C. Comp., providing for the issuance of a tax deed after three years from a tax sale, a deed issued two days after a sale was void and not evidence of title.

**Limitation of Actions—Completion of Period—Accrual of Cause of Action.**

6. In ejectment, where no possession in defendant is shown, the cause of action did not accrue until defendant obtained a deed to the property.

[As to effect of judgment in ejectment upon statute of limitations, see note in 54 Am. Dec. 545.]

**Adverse Possession—Pleading—Issues and Proof—Title.**

7. Under a plea of title in fee in ejectment, adverse possession for 10 years may be shown.

**Adverse Possession—Necessity for Exclusive Possession.**

8. A claim of title by adverse possession alone must distinguish between actual and constructive possession, as by buildings or by an inclosure, and the possession must be of an exclusive character.

**Adverse Possession—Requisites in General.**

9. Title by adverse possession must begin with a disseisin of the owner, followed by an actual, open, notorious, continuous and adverse possession under a claim of right for 10 years.

[As to the essentials of adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.]

From Klamath: Henry L. Benson, Judge.

This is an action by Hattie Roy Smith against the Algona Lumber Company, a corporation. From a

judgment for the plaintiff, defendant appeals. Respondent moves to dismiss the appeal and appellant files motion to supply the record. Motion to dismiss denied and motion to supply record allowed.

Submitted on brief without arguments under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the names of *Mr. C. M. Oneill* and *Mr. H. M. Manning.*

For respondent there was a brief over the name of *Mr. William C. Hale.*

MR. JUSTICE MCNARY delivered the opinion of the court.

This is a motion to dismiss an appeal for various assigned reasons; the material ones alone being herein considered. On October 6, 1913, appellant filed with the clerk of this court a collection of documents bearing the legend, ''Original files on appeal,'' consisting of the original complaint, amended complaint, summons, demurrer, answer to amended complaint, reply, verdict of jury, judgment, cost bill, notice of appeal, undertaking and order of the Circuit Court extending the time of filing the transcript of record. Attached thereto is a sufficient certification and authentication by the county clerk.

1. Plaintiff's counsel, in his motion to dismiss, urges with much fervor that this character of record does not satisfy the statute, and is insufficient to confer jurisdiction on this court to hear and determine the matters arising on the appeal, citing Section 554, L. O. L., as amended by Chapter 320 of the General Laws of Oregon for 1913: ''Upon the appeal being perfected

the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript of such an abstract as the law or the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal.'' The thought of counsel is that the files on appeal are not certified to by the clerk to be copies of or a transcript of the original documents, and in consequence thereof this court is without jurisdiction to hear the cause. The word ''transcript'' in its usual and restricted acceptation means an exemplification, and, as applied to a transcript of record, denotes a writing or composition consisting of the same words as the original. But the legislature has seen fit to define the term differently in its relation to an appeal, as, ''such an abstract as the law or the rules of the appellate court may require, or so much of the record as may be necessary intelligibly to present the question to be decided'': *Backhaus* v. *Buells,* 43 Or. 558 (72 Pac. 976, 73 Pac. 342).

2. Significantly bearing upon this question is the legislative enactment found in Chapter 335 of the Session Laws of 1913, which provides: ''When an appeal is perfected the original pleadings and the original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the Supreme Court or appellate court, and shall be a part of the transcript in the Supreme Court or appellate court so long as it may be needed there, and if the said papers are later required for use in the trial court, said papers shall be returned to the trial court and kept of record therein, the object being to require one original record

to answer the purpose of each court, and the Supreme
Court or appellate court is instructed to promulgate
the necessary rules for the custody of the original rec-
ord to accomplish this purpose.''

Construing the two enactments together, and keeping
in mind the evident intent of the law body to curtail
the record on appeal and render less burdensome the
costs incident thereto, we are free to declare that a
party appellant has complied with the statutes when
he has caused the clerk, or other proper officer of the
trial court, to send the original pleadings and the origi-
nal bill of exceptions to the clerk of this court. It
would be a work of supererogation to require the ap-
pellant to transmit to this court both the original plead-
ings and copies thereof. However, the term ''plead-
ing'' is not sufficiently elastic to embrace the judgment
or decree appealed from, the notice of appeal and proof
of service thereof, and the undertaking on appeal;
and for that account copies of these documents, rather
than the originals, must be supplied agreeably to the
provision of Section 1, of Chapter 320, *supra.*

3. Pending the disposition of the motion to dismiss,
appellant suggested to the court a diminution of the
record, and asked for a rule on the clerk of the Circuit
Court to transmit to this court copies of the original
judgment, notice of appeal and proof of service thereof,
and undertaking on appeal, which it is alleged were
omitted from the transcript by misapprehension of the
county clerk as to the effect of Chapter 335, *supra.*
The foundation of this request of respondent is in Rule
40 of the rules of the Supreme Court (117 Pac. xiv),
promulgated in 1911, which is, in substance, a replica-
tion of Section 555, L. O. L.: ''For the purpose of correct
ing any error or defect in the transcript from the court
below, either party may suggest the same, in writing,

to this court, and, upon good cause shown, obtain an order that the proper clerk certify up the whole or part of the record, as may be required; or the same may be corrected by stipulation of counsel, in writing, filed with the clerk before argument. If the attorney of the adverse party be absent, or if the fact of the alleged error or defect be disputed, the suggestion must be accompanied by an affidavit showing the existence of the error or defect alleged.''

Counsel for respondent urges the want of jurisdiction on account of the omission of the documents hereinbefore specified, while counsel for appellant insists this court has jurisdiction by reason of having in its custody all of the original documents, including those papers of which it is maintained copies should have been made. We think the failure of the clerk to include in the transcript copies of the judgment, notice of appeal and proof of service thereof, and undertaking on appeal, is not jurisdictional, in view of the fact that this court is in possession of the originals, and which fact distinguishes this case from the one of *Burchell* v. *Averill Machinery Co.,* 55 Or. 113 (105 Pac. 403). In that case the judgment appealed from, notice of appeal and proof of service thereof, and the undertaking on appeal were not included in the abstract. This court held the omission of these essential requirements could not be supplied by amendment because they were jurisdictional. In this case no essential part of the record is omitted. The form of a part of that record is not as required by statute, and to dismiss an appeal for nonobservance of form when the substance is supplied would be carrying the rule beyond reason, and giving effect to form rather than substance. While vexatious appeals should be discouraged, yet the opportunity for litigants to have their

issues tried in the higher courts should not be hindered by technical constructions, which too frequently lead to the subversion of justice.

Respondent contends that this appeal should be dismissed for further reason that he was not apprised, by 10 days' notice, of the settling of the bill of exceptions. We are not aware that the statute or rules of court require any notice to be given when the bill of exceptions is to be presented to the trial judge for allowance. The record here shows the attorney for respondent was given several days' notice, though falling short of 10 days. Good practice suggests that the bill of exceptions be settled at a time convenient to all concerned, yet not sufficiently remote as to render dim the remembrance of the facts adduced at the trial.

Other objections are interposed, but we deem them not fatal to this appeal.

The motion to dismiss will be denied, and appellant's suggestion for a diminution of the record will be allowed, and the rule issued to supply copies of the record adverted to, with direction to return the originals thereof to the clerk of the trial court.

MOTION TO DISMISS DENIED.<br>MOTION TO SUPPLY RECORD ALLOWED.

---

ON THE MERITS.

From Klamath: HENRY L. BENSON, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action of ejectment to which there are three defenses set up: (1) An allegation of ownership in fee by the defendant; (2) that plaintiff's cause of

action did not accrue within 10 years; (3) an attempt
to plead a title by the statute of limitations.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of
*Mr. H. M. Manning* and *Mr. C. M. Oneill,* with an oral
argument by *Mr. Manning.*

For respondent there was a brief and an oral argument by *Mr. William C. Hale.*

MR. JUSTICE EAKIN delivered the opinion of the court.

4. The only attempt to prove the title in the defendant was by a tax title, to which defendant claims to
have succeeded.   Plaintiff contended at the trial that
the tax title could not be proved unless it was specifically pleaded, but a tax title after it has culminated
in a deed may be proved under an allegation of title
in fee.   It is not necessary to plead the muniments of
title either in the complaint or answer: *Pease* v. *Hannah,* 3 Or. 301.   Any perfect title may be proved under
an allegation of ownership.

5. The offer of this proof was excluded by the court.
An examination of the deed offered in evidence as the
result of the tax sale discloses that the sale was made
on December 28, 1903, and the deed issued two days
later; but by Section 3127, B. & C. Comp., we find that
the deed cannot be issued until the expiration of three
years from the date of the sale, and was therefore void,
not evidence of title, and properly denied.

6. As to the second defense, that the plaintiff's cause
of action did not accrue within 10 years before the
commencement of the action, plaintiff's cause of action
against defendant did not accrue until the 14th of
November, 1911, when defendant obtained a deed to the

property. The law deems everyone to be in legal seisin and possession of the land to which he has a perfect and complete title: *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124, 1065). There has been no possession in defendant shown here.

7. As to the third defense plaintiff seems to rely upon the necessity of pleading the facts of adverse possession by the defendant, and that without a proper plea, no proof thereof could be offered; but under the plea of title adverse possession for 10 years may be shown as sufficient to sustain that title. This is expressly held in *Neal* v. *Davis,* 53 Or. 423 (99 Pac. 69, 101 Pac. 212).

8. The proof of possession of the property by defendant from 1911 is not proof of exclusive possession of all the property, nor that it was adverse, and was insufficient to constitute title. The claim of title by adverse possession alone must distinguish between actual and constructive possession, as by cultivation or occupation by buildings or by an inclosure. It must be of an exclusive character: *Hamilton* v. *Flournoy,* 44 Or. 97 (74 Pac. 483); *Swift* v. *Mulkey,* 14 Or. 64 (12 Pac. 76); *Gump* v. *Halberstadt,* 15 Or. 357 (15 Pac. 467).

9. Title by adverse possession must begin with a disseisin of the owner, followed by an actual, open, notorious, continuous and adverse possession under a claim of right for a period of 10 years: *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124, 1065).

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.