*Motion to dismiss appeal denied July 17, 1923.

## CREDIT SERVICE CO. *v.* PETERS ET AL. ·

(216 Pac. 742.)

**Appeal and Error—Appeal not Dismissed Though Bill of Exceptions not Filed Until After Motion to Dismiss was Made, Transcript Being Duly Filed.**

Where the transcript containing a certified copy of the judgment appealed from, notice of appeal, proof of service, and the undertaking on appeal, was filed within the required time, the Supreme Court acquired jurisdiction of the case and will exercise its discretion by refusing to dismiss it, though the bill of exceptions was not received until five days after the motion to dismiss was filed, in view of Laws of 1913, page 656.

From Multnomah: LOUIS P. HEWITT, Judge.

In Banc.

ON MOTION TO DISMISS APPEAL.    MOTION DENIED.

For the motion, *Mr. Sidney Teiser.*

---

*For opinion on the merits, see 115 Or. 633 (239 Pac. 810).

*Contra, Mr. Wm. B. Layton, Mr. N. Ray Alber, Mr. Edward A. Boyrie* and *Mr. Albert W. Gentner.*

RAND, J.—The garnishee, R. L. Sabin, one of the respondents herein, moves to dismiss this appeal upon the ground ''that there is no record in the Supreme Court upon which the appeal can be predicated.'' As pointed out in his memorandum brief submitted with said motion, the specific point relied upon is that on June 22, 1923, when the motion was filed, the bill of exceptions had not been filed with this court.

The record discloses that the judgment appealed from was rendered by the Circuit Court for Multnomah County on December 31, 1922, before Honorable W. N. GATENS, one of the Circuit Judges of said court, whose term of office expired on said date, and that the bill of exceptions was settled and allowed on May 15, 1923, by Honorable LEWIS P. HEWITT, one of the Circuit Judges of said court, and was filed on the same day by the clerk of that court, but was not forwarded to this court by the clerk of that court until after said motion had been filed herein. The bill of exceptions was received and filed in this court on June 27, 1923.

This case was brought here upon the appeal of the plaintiff. The notice of appeal and undertaking on appeal were seasonably served and filed. Upon the appeal being perfected the transcript was filed in this court on April 3, 1923, and appellant's abstract of record and appellant's brief were each thereafter filed within the time prescribed by law, but the bill of exceptions was not filed until five days after the filing of said motion. At that time, the time in which

the garnishee was required to file his brief had been, pursuant to stipulation, extended to June 30, 1923.

The garnishee contends that the bill of exceptions should have been filed with the transcript and because of the lack thereof, this motion should be sustained. The rules controlling are so fully and so clearly stated in 89 Oregon Reports, at pages 707–709, in the preface to the rules of this court, that only a slight reference thereto would seem to be necessary.

The transcript as filed contained a certified copy of the judgment appealed from of the notice of appeal and proof of service thereof and of the undertaking on appeal. The filing of this transcript was jurisdictional and when these papers were filed this court acquired jurisdiction of this cause upon appeal. It was the duty of the county clerk of Multnomah County, pursuant to Chapter 335, Laws of 1913, to forward to this court the original pleadings and the original bill of exceptions, but it was manifestly impossible for him to forward the original bill of exceptions as at that time the same had not been settled or allowed. When settled and allowed and filed in his office, it then became the duty of the clerk of that court to forward the same to the clerk of this court.

The bill of exceptions was received here at a time when respondent's brief had not been filed, and the delay of the clerk of that court in not forwarding the same to this court could cause no possible injury to the respondent. The prompt transmission to this court of all papers and documents is essential to the orderly administration of justice, but it must be remembered that this court acquires jurisdiction of a cause upon appeal by the filing in this

court of a certified copy of the judgment appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal. The filing of no other papers is essential to the jurisdiction of this court. Neither the statute nor the rules of this court prescribe the exact time in which the bill of exceptions shall be forwarded to the clerk of the court here. As there is no statute or positive rule of law which prescribes the time when a bill of exceptions must be filed in this court, of necessity the time in which the same must be done rests within the sound judicial discretion of the court.

Under the circumstances disclosed here it would be an abuse of discretion upon the part of the court to sustain the motion and the same is therefore denied.                                      MOTION DENIED.