Motion to dismiss appeal allowed June 3; order dismissing appeal
recalled November 18; rehearing denied December 30, 1930;
argued at Pendleton May 4; appeal dismissed
November 17, 1931

IN RE PINE CREEK ADJUDICATION
LLOYD ET AL. *v.* BROWN ET AL.
IN RE GREENER
(288 P. 505, 5 P. (2d) 83)

*William Smith* and *Frank C. McColloch,* both of Baker, for appellant.

*Nichols, Hallock & Donald* and *Harold Banta,* all of Baker, for the motion.

*Strayer & Strayer,* of Baker, and *C. F. Massey,* of Halfway, for Mary S. Anson and others.

*C. T. Godwin,* of Baker, for Amstel Mortgage Co. and others.

COSHOW, C. J. This matter comes on to be heard on a motion to dismiss the appeal. There are a number of reasons assigned in support of said motion. We do not deem it necessary to discuss these various grounds. We think the appeal must be dismissed because a transcript as prescribed by the statute has never been filed in this court. The filing of the transcript here confers jurisdiction on the court. Appellant has attempted to comply with the law requiring a transcript to be filed by presenting one paragraph from a very long decree. One may appeal from a part of a decree only but the transcript must contain a certified copy of the decree, not simply a part of that decree.

▉▉ One of the grounds for the motion is that all of the adverse parties were not served with notice of appeal and an undertaking on appeal. The transcript must be sufficient to enable this court to pass on a motion to dismiss the appeal. This court has very recently decided specifically the extent of the transcript sufficient to confer jurisdiction on the court: *Walker v. Fireman's Fund Ins. Co.,* 122 Or. 179 (257 P. 701.) More than that will not be required, but a properly certified copy of the decree is indispensable.

From the so-called transcript on file in the instant case we are not able to determine whether or not all of the adverse parties have been served with notice of appeal. There is no place in the so-called transcript where all of the parties, whose rights are adjudicated in the proceeding, are named. As was well said in *Oxman v. Baker County,* 115 Or. 436, 456 (234 P. 799, 236 P. 1040):

"The defendant is here lacking one of the essential elements prescribed by the statute for conferring jurisdiction upon this court, namely, a copy of the judgment or decree appealed from, but we can not reach out and help it into this court where we have no jurisdiction. The result is, that the appeal must be dismissed."

The decree was rendered February 28, 1930. The motion to dismiss was filed May 5, 1930. It was then too late to file a transcript so as to confer jurisdiction on this court.

Appeal dismissed.

Former opinion dismissing appeal recalled November 18, 1930; appeal dismissed by the following opinion November 17, 1931

ON MOTION TO DISMISS APPEAL

(5 P. (2d) 83)

*William Smith* and *Frank C. McColloch,* both of Baker, for appellant.

*James F. Donald,* of Baker (Nichols, Hallock & Donald, and Harold Banta, Strayer & Strayer and C. T. Godwin, all of Baker, C. F. Massey, of Halfway, and Cochran & Eberhard, of La Grande, on the brief), for respondents.

BROWN, J. A suit having been filed in the circuit court for Baker county by W. W. Lloyd and numerous others against N. D. Brown and many others, for the purpose of determining the relative rights to the use of the waters of Pine creek, in Pine valley, Baker county, Oregon, the cause was, by order of the court, referred to the state engineer for his determination of the rights of the parties. Thereafter, and on May 25, 1925, E. K. Greener filed his "Statement and Proof of Claimant," which, according to the record, was verified

on April 4, 1925, wherein and whereby he claimed the right to irrigate 145 acres of his lands by means of a ditch which he constructed in 1902 for the purpose of diverting the waters of Pine creek to and upon his land.

In support of his claim, Greener testified that the nature of his right or use on which he based his claim to the waters of Pine creek was "irrigation, domestic, and stock," and that the date of the initiation of his water right was 1902; that he based his right upon "appropriation, diversion, and use," and that he "appropriated water, built Thaysen ditch, and used water on land till 1914, when changed point of diversion by permission state engineer and took out Greener ditch lower down." He further testified that the date of the beginning and the completion of the ditch was 1902, and that water was first used for irrigation or other beneficial purposes in 1902. He described the ditch and the land irrigated, and testified that A. P. Greener, Thad Leep, and Ed Greener had offered to substantiate his right.

Various contests were filed by claimants in the matter; and, more than a year later, when all the contestants had adduced their proofs and filed their briefs therein, Greener moved for leave to file an amended statement and proof of claim, a copy of such motion being served upon all interested parties. By this motion, he sought to change the date of the initiation of his right to use the waters of Pine creek to the year 1880, thus antedating the former petition by twenty-two years. Relative to the dates of appropriation, he testified:

"When the cultivation of said lands was commenced in the year 1880, no steps were necessary to initiate a right to the use of the waters of said stream, as my

said premises were well watered by subirrigation. * * * Owing to the natural irrigation of said premises as above stated, no ditch was ever used upon the same until the year 1902, the history of which said ditch is fully given in my said petition. The 1902 ditch is known as the Greener ditch.''

On behalf of their clients, Messrs. Strayer & Strayer and C. F. Massey objected to the motion to amend, upon the ground that the engineer had no jurisdiction to allow the motion, or to permit the petitioner to file the amended statement and proof of claim, and that the petitioner's only right to relief was the right alleged in his original claim.

Messrs. Nichols, Hallock & Donald objected to the motion, upon the ground that the statement of facts set out in the petition was insufficient to entitle the petitioner to amend his statement and proof of claim; that Greener had acquired no right to the use of the waters of the state of Oregon for subirrigation; and that ''the only rights to the use of the waters of the state of Oregon, and particularly of Pine Creek, which can be adjudicated in this proceeding are such rights as are 'granted or declared' by the water code, and that a right of subirrigation is neither granted, declared, nor recognized by the water code, nor by the statute nor common law of the state of Oregon.''

Objections were likewise made by C. T. Godwin and by Messrs. Cochran & Eberhard on behalf of their clients, on the ground that the original statement and proof of claim filed by Greener showed that the first ditch was constructed, and water diverted from the ditch onto the lands in question, in the year 1902, and that the amended statement and proof of claim failed

to show that there was any appropriation of water made for these lands prior to 1902. These objectors further stated:

"That said amended statement and proof of claim has been tendered long after the expiration of the time for filing statements and proofs of claim, and the filing of any such amended statement and proof of claim would be without jurisdiction;

"That the claims of these objectors and protestants would be injuriously affected by the allowance of said amendment, and by such amendment said Elmer K. Greener would be permitted to establish a water right without submitting said claim to public inspection, without producing witnesses for cross-examination, and without hearing or trial thereon."

A hearing was had upon the objections to the proposed amendment; and, on October 21, 1927, after due consideration thereof, the state engineer denied the motion and reported his findings into court. From the order of the trial court sustaining the findings of the state engineer, Greener attempted to appeal to this court. The respondents filed a petition to dismiss the appeal, alleging, in part, that the transcript on appeal, as filed, was insufficient to confer jurisdiction on this court, for the reason that there was included in the transcript only what purported to be a copy of a small portion of the decree rendered by the trial court; that such pretended copy was not properly certified to or authenticated by the clerk; that the original notice and undertaking, and not certified copies thereof, were filed, and that these originals had neither been filed with, nor in any way authenticated or identified by, the clerk of the court below; and that a large number of adverse parties to the adjudication were not served with the notice or undertaking on appeal. They like-

wise filed a motion to strike, and an alternative additional motion to dismiss, upon the grounds that "the additional transcript was filed without any authority from this court," and "that the additional transcript, like the first, contains only a small portion of the decree." Because of the absence of service as provided by law, the respondents challenged the jurisdiction of the court to hear the cause upon appeal. The court sustained the contention of the respondents; its reasons therefor being thus stated by COSHOW, C. J.:

"This matter comes on to be heard on a motion to dismiss the appeal. There are a number of reasons assigned in support of said motion. We do not deem it necessary to discuss these various grounds. We think the appeal must be dismissed because a transcript as prescribed by the statute has never been filed in this court. The filing of the transcript here confers jurisdiction on the court. Appellant has attempted to comply with the law requiring a transcript to be filed by presenting one paragraph from a very long decree. One may appeal from a part of a decree only, but the transcript must contain a certified copy of the decree, not simply a part of that decree.

"One of the grounds for the motion is that all of the adverse parties were not served with notice of appeal and an undertaking on appeal. The transcript must be sufficient to enable this court to pass on a motion to dismiss the appeal. This court has very recently decided specifically the extent of the transcript sufficient to confer jurisdiction on the court: *Walker v. Fireman's Fund Ins. Co.*, 122 Or. 179 (257 P. 701). More than that will not be required, but a properly certified copy of the decree is indispensable.

"From the so-called transcript on file in the instant case, we are not able to determine whether or not all of the adverse parties have been served with notice of appeal. There is no place in the so-called transcript where all of the parties whose rights are adjudicated in

the proceeding are named. As was well said in *Oxman v. Baker County,* 115 Or. 436, 456 (234 P. 799, 236 P. 1040) :

" 'The defendant is here lacking one of the essential elements prescribed by the statute for conferring jurisdiction upon this court, namely, a copy of the judgment or decree appealed from, but we can not reach out and help it into this court where we have no jurisdiction. The result is that the appeal must be dismissed.'

"The decree was rendered February 28, 1930. The motion to dismiss was filed May 5, 1930. It was then too late to file a transcript so as to confer jurisdiction on this court. Appeal dismissed."

Later, the order dismissing the appeal was withdrawn, and leave was granted the respondents to renew the motion at the hearing.

 It is fundamental that jurisdiction is given by law. This court has often quoted the following declaration by the United States Supreme Court in the case of *Defiance Water Co. v. Defiance,* 191 U. S. 184 (48 L. Ed. 140, 24 S. Ct. 63) :

"The fundamental question of jurisdiction, first of this court and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not."

See *Dippold v. Cathlamet Timber Co.,* 98 Or. 183 (193 P. 909).

The law governing the right of appeal so as to confer jurisdiction upon the court in the instant case is stated in the case of In re Pine Creek Adjudication (*Greener v. Chipman et al.,* 137 Or. 659 (2 P. (2d) 1118), decided on September 15, 1931, where this court, in a Per Curiam opinion, upheld the pronouncement

by Mr. Chief Justice CosHow in the case from which
we have quoted above. In the later opinion, the court
declared:

"It is essential to the jurisdiction of this court that
the transcript be filed within thirty days from the time
the appeal is perfected. When the sureties to the
undertaking are not excepted to, as in the instant case,
the appeal is perfected five days from the serving of
the bond on appeal, rather than at the time it was
actually filed: *Burchell v. Averill Machinery Co.*, 55
Or. 113 (105 P. 403); *Chandler v. Todd*, 95 Or. 430
(188 P. 161). It is also essential to jurisdiction that
the transcript contain a certified copy of the decree,
notice of appeal, and proof of service thereof, and of
the undertaking: Section 7-507, Oregon Code 1930.
While it is permissible to appeal from a part of a
decree, the transcript must contain the entire decree."

It is contended, in substance, that, though the case
of *Oxman v. Baker County*, supra, may be correct as
applied to ordinary decisions, it has no application to
water right adjudications because, counsel assert, such
adjudications consist of separate equity suits, each
independent of the other. Answering this contention,
we direct attention to the case of *In re Waters of
Chewaucan River*, 89 Or. 659, 687 (171 P. 402, 175 P.
421), where this court, in determining the case on
rehearing, said:

"In the case of *In re Silvies River*, 199 Fed. 495,
503, Mr. Justice BEAN says:

" 'The water is the *res* or subject matter of the
controversy. It is to be divided among the several
claimants according to their respective rights. Each
claimant is therefore directly and vitally interested,
not only in establishing the validity and extent of his
own claim, but in having determined all of the other
claims. The proceeding is essentially a suit for the

partition of the waters of the stream among the respective owners. * * * It is a case where divers and sundry parties are entitled to use so much of the waters of a stream as they have put to beneficial use and the purpose is to ascertain their respective rights by a simple, economical, effective, and comprehensive proceeding, and is not a separable controversy between different claimants.'

"In this proceeding the waters of the Chewaucan river are the subject matter, and the persons who filed their 'statements' as provided by section 14 are the claimants of such waters and the parties in interest. The record shows a compliance with any and all of the provisions of the water law of 1909, and that law says that the decree of the circuit court is conclusive as to any and all such rights adjudicated between the claimants upon the stream."

This case likewise teaches us that the right of appeal is purely statutory, and that, before this court can acquire jurisdiction of a cause, it is necessary to pursue the provisions of the statute conferring the right of appeal upon a suitor. It is also authority for the proposition that the notice of appeal must be served upon every adverse party. In the original decision thereof, Mr. Justice BURNETT, speaking for the court, said:

"It is contended that this [the rule that, in order to give this court jurisdiction to act, notice of appeal must be served upon every adverse party] involves such a great expense, owing to the large number of parties, that it practically destroys the right to appeal. This privilege, however, is not inherent nor constitutional. It exists only by virtue of the statute, and if the application of the enactment is burdensome, it is not the province of the courts to amend the same or to dispense with its requirements. The remedy must be found in the legislative branch of the government."

The eminent justice pointed out that the Code granted the privilege of giving oral notice of appeal in open court at the time of the rendition of the final decree, "which certainly can not be extraordinarily expensive."

Under the holdings of this court and the cases hereinbefore discussed, the motion to dismiss must be allowed.

We make no order with reference to costs of appeal.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.