Argued at Pendleton May 4; appeal dismissed September 15, 1931

IN RE PINE CREEK ADJUDICATION

GREENER *v.* CHIPMAN ET AL.

(2 P. (2d) 1118)

*J. M. Lampert,* of Boise, Idaho (Oppenheim & Lampert, of Boise, Idaho, and E. Otis Smith, of Ontario, on the brief), for appellant.

*Jas. T. Donald,* of Baker (Cochran & Eberhard, of La Grande, William Smith and Nichols, Hallock & Donald, all of Baker, Harold Banta, of Baker, W. H. Strayer, of Baker, and C. F. Massey, of Halfway, on the brief), for respondents.

PER CURIAM: On February 28, 1930, a decree was entered determining the relative priority of water rights in Pine creek and its tributaries. This appeal concerns those rights adjudicated in Contests 8 and 10. The motion to dismiss the appeal is based upon the ground, among others, that the transcript was not filed within the statutory time and that therefore this court has no jurisdiction.

It is disclosed by the transcript filed June 6, 1930, that a notice of appeal was filed April 26, 1930, and that an undertaking for payment of costs on appeal, dated May 1, 1930, was filed May 7, 1930. Two acceptances of service on the undertaking were filed May 10, 1930. In one acceptance of service by Cochran & Eberhard, attorneys of J. C. Mack Estate, it appears that service was made in Union county, May 7, 1930. In the other acceptance of service it does not appear when nor where the service of the undertaking was had. As to the time of service, it may reasonably be inferred that it was between the date of the execution of the undertaking (May 1, 1930) and the date when the acceptances of service were filed (May 10, 1930). When the transcript was filed, June 6, 1930, it contained only a part of the decree rendered in the Pine creek adjudication. However, on June 11, 1930, a certified copy of the entire decree was filed with the deputy clerk of this court at Pendleton, and on the same date an ex parte order was entered permitting appellant to incorporate such decree in the transcript.

It is essential to the jurisdiction of this court that the transcript be filed within thirty days from the time the appeal is perfected. When the sureties to the undertaking are not excepted to, as in the instant case, the appeal is perfected five days from the serving of the bond on appeal, rather than at the time it was

actually filed. *Burchell v. Averill Machinery Co.*, 55 Or..113 (105 P. 403); *Chandler v. Todd*, 95 Or. 430 (188 P. 161). It is also essential to jurisdiction that the transcript contain a certified copy of the decree, notice of appeal, and proof of service thereof, and of the undertaking: Section 7-507, Oregon Code 1930. While it is permissible to appeal from a part of a decree, the transcript must contain the entire decree (E. K. Greener Appeal, 288 P. 505). In view of this decision it is apparent that the transcript filed June 6, 1930, was fatally defective in that it did not contain the entire decree.

██ We next inquire whether the amendment to the transcript on June 11, 1930, cured such defect. The answer depends upon whether it affirmatively appears that the transcript as amended was on file within thirty days from the date the appeal was perfected. Since the date of service of undertaking is not definitely known, it is impossible to say with certainty whether the transcript was filed within the statutory period. If it be assumed that service was made the second day of May, 1930, respondent would have five days' time from date thereof to except to the sureties on the undertaking. The appeal under such circumstances would have been perfected on May 8. Counting thirty days from such date, it is apparent that a transcript filed June 11 would be too late. We are not permitted to indulge in presumptions favoring the appellant. It is incumbent upon him to bring a record here which will affirmatively show that this court has jurisdiction. This the appellant has not done. It follows that the appeal must be dismissed.

KELLY and ROSSMAN, JJ., absent. RAND, J., not sitting.