Motion to dismiss appeal denied October 2; argued at Pendleton
October 30; reversed November 20; rehearing denied
December 31, 1934

# WINTER *v.* HEYDEN
(36 P. (2d) 183, 37 P. (2d) 871)

*Raley, Raley & Warner* and *John F. Kilkenny,* all of Pendleton, for the motion.

*Homer I. Watts,* of Athena, opposed.

PER CURIAM. On April 18, 1934, the defendant filed in this court a transcript on appeal containing the original pleadings, the original bill of exceptions, the original notice of appeal, and undertaking on appeal with service indorsed thereon, and a certified copy of the judgment appealed from. All of these original papers were properly certified to and authenticated by the clerk of the court below.

■ The statute and the rules of the court provide that, in order to give the court jurisdiction upon an appeal, it is necessary that a transcript be filed containing a certified copy of the notice of appeal with indorsement of service thereon, a certified copy of the undertaking and a certified copy of the judgment appealed from. All of these papers are here with the exception that, instead of certified copies of the notice and undertaking on appeal, the originals are included in the transcript.

The plaintiff moves to dismiss this appeal because the original notice and undertaking on appeal, and not certified copies thereof, were filed with the transcript.

In *Smith v. Algona Lumber Co.,* 73 Or. 1 (136 P. 7, 143 P. 921), the respondent moved to dismiss the

appeal mainly upon the ground that the transcript, which contained the original pleadings, also contained the original judgment entry, notice of appeal and undertaking on appeal and did not contain certified copies of said three last mentioned papers. Then, as now, the statute provided that: "Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal together with a copy of the judgment or decree appealed from, the notice of appeal, and proof of service thereof, and of the undertaking on appeal; * * *": Section 7-507, Oregon Code 1930.

Both under the statute and the decisions of this court, the filing within the time limited of a transcript containing copies of the three papers last referred to was jurisdictional and the question of whether a transcript containing the original of these three papers and not certified copies thereof deprived the court of its jurisdiction was squarely presented to the court for decision. Under those facts and in disposing of the question, the court said: "We think the failure of the clerk to include in the transcript copies of the judgment, notice of appeal and proof of service thereof, and undertaking on appeal, is not jurisdictional, in view of the fact that this court is in possession of the originals * * *", and, based upon such ruling, the court held: "The motion to dismiss will be denied, and appellant's suggestion for a diminution of the record will be allowed, and the rule issued to supply copies of the record adverted to, with direction to return the originals thereof to the clerk of the trial court."

There has been no amendment of the statute, so far as it affects this question, since the above decision was rendered and no decision of this court overruling it or which raises any doubt as to the correctness of the decision in that case. The motion to dismiss, therefore, will be denied.

In filing a transcript on appeal our rules provide: "In civil cases the copy of the judgment or decree appealed from, notice of appeal and proof of service thereof, and undertaking on appeal shall be prefaced by a page stating the title of the court, and cause, and names of the judge and attorneys: Walker v. Fireman's Fund Ins. Co., 122 Or. 179 (257 P. 701)." These papers were not prefaced by a page stating the title of the court and cause and the names of the judge and attorneys, as required by said rule. The omission, however, was not shown to be wilful and arose wholly from inadvertence. A compliance with the rule, while necessary, is not jurisdictional. This court, therefore, may permit the rule to be now complied with and it is ordered that the appellant shall comply with the rule within ten days from the date of this order overruling the motion to dismiss and granting the permission. The same order will be made here, permitting the filing of certified copies of the judgment appealed from, the notice of appeal with proof of service thereof, and of the undertaking, as was made in *Smith v. Algona Lumber Company,* supra. It is so ordered.

24

Argued at Pendleton, October 30; reversed November 20; rehearing denied December 31, 1934

ON THE MERITS
(37 P. (2d.) 871)

In Banc.

Appeal from Circuit Court, Umatilla County.

J. W. KNOWLES, Judge.

Action of claim and delivery by Edwin Winter, conservator of the First Inland National Bank, against Homer E. Heyden. From a judgment for the plaintiff, the defendant appeals.

REVERSED. REHEARING DENIED.

*Homer I. Watts,* of Athena, for appellant.

*John F. Kilkenny,* of Pendleton (Raley, Raley & Warner, of Pendleton, on the brief), for respondent.

CAMPBELL, J. On May 15, 1933, and for some time prior thereto, plaintiff was the owner and holder of a promissory note in the sum of $7,000, dated December 5, 1930. This note was secured by a chattel mortgage covering all the personal property in controversy herein. The note and mortgage were executed by defendant. At the same time plaintiff was the owner and holder of a promissory note in the sum of $2,470.77, dated March 31, 1932. This note was secured by a chattel mortgage covering the same property as that covered in the first mentioned mortgage. The note and mortgage were executed by defendant.

On May 25, 1933, plaintiff began the instant action of claim and delivery to recover possession of the personal property described in those mortgages, and alleged in his complaint that he was entitled to the immediate possession of said personal property by reason

of the failure of defendant to pay the indebtedness evidenced by the $2,470.77 note dated March 31, 1932, and secured by the chattel mortgage above mentioned; that the value of said property was $3,150.

To this complaint defendant filed an answer denying the material allegations, but admitted the value of the property and set up two separate answers and defenses, which in our view of the case, are immaterial at this time.

On July 5, 1933, plaintiff began an action at law against defendant to recover the indebtedness evidenced by the above-mentioned $7,000 promissory note.

On August 28, 1933, plaintiff obtained leave of the court to file an amended complaint in the instant action for claim and delivery. In his amended complaint he alleged without qualification that he was the owner and entitled to the immediate possession of the property described in the above-mentioned chattel mortgages.

On October 6, 1933, judgment was entered in favor of plaintiff in his action on the $7,000 note for the sum of $7,000 with 8 per cent interest from March 21, 1932. On December 8, 1933, plaintiff had a writ of execution issued on said judgment. On December 30, 1933, said writ of execution was returned unsatisfied. On January 15, 1934, the instant case came on for trial. In order to establish his cause of action, plaintiff introduced in evidence the $7,000 chattel mortgage above mentioned, together with the judgment roll in his action on the $7,000 note which said chattel mortgage was given to secure, the writ of execution, and the return thereon, showing that the judgment was unsatisfied. He also introduced in evidence the chattel mortgage securing the note for $2,470.77 and showed that the note was past due and had not been paid. Before he rested his case, with the

consent of the court and defendant, he withdrew from further consideration of the court and jury the $2,470.77 mortgage and rested his case entirely upon the $7,000 mortgage.

Thereupon defendant attempted to introduce evidence in support of his separate answers, which was objected to and the objection sustained by the court. However, we do not deem it necessary, under our view of the case, to pass upon the competency of the testimony excluded.

When both plaintiff and defendant submitted all their testimony and rested, the defendant moved the court to direct a verdict in favor of defendant. Thereupon, plaintiff moved the court to direct a verdict in favor of plaintiff. The court discharged the jury from further consideration of the case, and found in favor of plaintiff, that he was entitled to the immediate possession of the property described in the complaint, and, in default of the delivery, that plaintiff should recover of and from defendant the sum of $3,150, the value of said property, and entered judgment accordingly. Defendant appeals.

Defendant assigns, among other errors, that the court erred in finding for plaintiff and refusing to direct a verdict in favor of defendant.

■ As the record stands now, plaintiff failed to establish by evidence that he had a cause of action for claim and delivery at the time he filed his complaint, May 25, 1933. The mortgage, upon which he based his original complaint, having been withdrawn from the consideration of the court and jury, is no longer in the case. On August 28, 1933, at the time he filed his amended complaint, he had no cause of action on the $7,000 chattel mortgage, nor would he have any cause of action on said chattel mortgage until December 30, 1933, the

time the execution was returned unsatisfied. Having begun his action at law on the $7,000 note to recover the debt, his right to possession of the goods covered by the chattel mortgage securing that note was suspended during the pendency of the action and until judgment entered thereon in his favor and execution should be returned unsatisfied.

"During the pendency of an action at law for the recovery of a debt secured by any lien mentioned in section 6-501, a suit can not be maintained for the foreclosure of such lien, nor thereafter, unless judgment be given in such action that the plaintiff recover such debt or some part thereof, and an execution thereon against the property of the defendant in the judgment is returned unsatisfied in whole or in part." Oregon Code 1930, § 6-508.

█ Plaintiff, having no other right to possession of the property than that arising by reason of the breach of the conditions of the chattel mortgage, could only maintain his action to recover the possession of the property covered by the chattel mortgage for the purpose of foreclosing said mortgage: Oregon Code 1930, § 54-207. At the time he filed his amended complaint, August 28, 1933, he could not maintain a suit for the foreclosure of the $7,000 mortgage, as an action at law was pending "for the recovery of the debt secured thereby".

The record as made by plaintiff fails to show that he had a cause of action against defendant when the original complaint was filed or when the amended complaint was filed.

"The real test as to whether an action can be maintained turns upon the question whether the plaintiff is, at the time of the institution of the suit, entitled to the immediate possession of the property claimed." 23

R. C. L. 866; *McCargar v. Wiley,* 112 Or. 215 (229 P. 665).

■ This court has held many times that a plaintiff in a replevin action must allege that he is entitled to the immediate possession of the property. That means such right of possession at the time of filing the suit: *Kimball v. Redfield,* 33 Or. 292 (54 P. 216); *Johnson v. Iankovetz,* 57 Or. 24 (102 P. 799, 110 P. 398, 29 L. R. A. (N. S.) 709); *Eilers Piano House v. Pick,* 58 Or. 54 (113 P. 54); *Almada v. Vandecar,* 94 Or. 515 (185 P. 907).

■ It is hornbook law that plaintiff must prove the material allegations of his complaint when put at issue by answer.

The motion for a directed verdict in favor of defendant should have been allowed. The judgment of the lower court is reversed and the cause remanded with instructions to enter judgment for defendant that he is entitled to the return of the property described in the complaint, or if delivery cannot be had, that he recover of and from plaintiff the sum of $3,150. It is so ordered.

ROSSMAN and BAILEY, JJ., not sitting.