Argued June 24; affirmed July 15, 1941

# In re COOKE'S ESTATE
### (115 P. (2d) 302)

Before KELLY, Chief Justice, and BAILEY, RAND, ROSSMAN and BRAND, Associate Justices.

*Otto K. Paulus*, of Salem (Charles J. Zerzan, of Salem, on the brief), for appellant.

*Custer E. Ross* and *John A. Heltzel*, both of Salem, for respondent.

BRAND, J.  In July, 1930, the county court of Marion county made an order of distribution based on the final account of the administrator In the Matter of the Estate of Anne Cooke, Deceased.  In October, 1934, Stephen F. McNamara petitioned the county court for an order setting aside the order of distribution and for other relief.  The issues were joined; trial was had, and in March, 1938, the county court dismissed the petition. Notice of appeal to the circuit court was given; the

appeal was perfected (2 O. C. L. A. § 10-803, subd. 4) and orders were entered extending the time "to perfect the appeal" to and including August 1, 1938.

We shall assume, without deciding, that the extension of time "to perfect the appeal," which had already been perfected, may be considered as an order extending the time to file the transcript.

On August 1, at 4:12 p. m., there was filed in the office of the county clerk a transcript of the testimony as taken by the official reporter. On August 1, at 4:56 p. m., petitioner also filed in the county court a motion supported by affidavit seeking "an order extending the time to which to perfect the appeal and file, to and including the tenth day of August, 1938." No order was ever made upon the motion of August 1, and no papers other than the transcript of testimony, motion and affidavit were filed on August 1, which was the last day for filing the transcript. Numerous exhibits had been received at the trial but none of them were filed on August 1 with the transcript of testimony.

The record and certificate of the county clerk disclose that a transcript on appeal was filed on August 3, 1938. That transcript contained, among other instruments, the pleadings, orders of the county court, certified copies of the decree dismissing the petition, notice of appeal and proof of service thereof, and the undertaking on appeal and proof of service thereof. It also included the exhibits and deposition of Stephen F. McNamara.

On the 19th day of August, 1938, the respondent, relying upon O. C. L. A. § 10-807, moved to dismiss the appeal as abandoned by reason of the failure to file the transcript in the office of the clerk of the circuit court within the time limited by law.

On the 31st day of December, 1938, the petitioner-appellant moved the circuit court for an order

"permitting the filing of certain necessary papers in the Appeal in the above entitled matter, for the reason that said papers not filed within the statutory period, was through no fault of said Petitioner-Appellant."

With the motion was filed a supporting affidavit seeking to explain the failure to file the transcript within the allotted time.

On the 18th day of April, 1939, the circuit court denied the respondent's motion to dismiss the appeal and directed

"that the clerk be required to certify an omission in the transcript, and that said clerk be further required to transmit to the Appellate Court a certified copy of the pleadings, entries, orders and papers so omitted in the transcript and file the same as of August 1st, 1938, to-wit: Decree Appealed From, Notice on Appeal, Undertaking on Appeal, Orders extending time to Perfect Appeal, Various certified copies of the Probate proceedings in the matter of the Estate of Anne Cooke, deceased, including Order of Distribution, Final Accounting, Such other papers as is necessary to perfect Appeal in said case, copies of which have hitherto been filed by the appellant."

Upon the trial the court found

"that this Court does not have jurisdiction to hear and determine this appeal; that no transcript on appeal, containing certified copies of the judgment and order appealed from, the notice of appeal, and the undertaking on appeal was filed in the office of the Clerk of this Court prior to August 2, 1938, and that the last day on which such transcript could have been filed, in order to give this Court jurisdiction, was August 1, 1938, and that this Court has not jurisdiction to proceed other than to enter an Order dismissing said appeal."

Accordingly the appeal was dismissed. The petitioner now appeals to this court, contending that the dismissal for want of jurisdiction was erroneous and that therefore the case should be determined here upon the merits.

■ Our first duty is to determine whether the circuit court ever acquired jurisdiction in the attempted appeal from the county court. If the circuit court did not acquire jurisdiction of the appeal then the decree of the circuit court in dismissing the appeal for want of jurisdiction must be affirmed and we would have no power to consider the other issues presented. *Hart v. Prather*, 61 Or. 7, 119 P. 489 (1912); *In Re Orr's Estate*, 79 Or. 319, 153 P. 61 (1916); *First Nat. Bank v. Courtright*, 82 Or. 490, 158 P. 277, 161 P. 966 (1917); *Linster v. East Lake Health Resort*, 143 Or. 63, at 64. 18 P. (2d) 592 (1933).

The statutes concerning appeals from the circuit to the supreme court are also made applicable to appeals from the county to the circuit court, except as to decisions made in the transaction of county business. 2 O. C. L. A. § 13-505.

"Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal, and proof of service thereof, and of the undertaking on appeal; * * * and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise." 2 O. C. L. A. § 10-807.

■ The filing of a transcript within the time allowed by law or within some legal extension thereof is juris-

dictional. *Emery v. Brown*, 63 Or. 264, 127 P. 682 (1912) ; *McKinney v. Nayberger*, 138 Or. 203, 295 P. 474, 2 P. (2d) 1111, 6 P. (2d) 228, 229, (1931).

■ The minimum which can satisfy jurisdictional requirements under the statute is that the short transcript, containing a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal, be filed within the time allowed. *Walker v. Fireman's Fund Ins. Co.*, 122 Or. 179, 257 P. 701 (1927) ; *Kelley v. Pike*, 17 Or. 330, 20 P. 685 (1889) ; *Burchell v. Averill Mach. Co.*, 55 Or. 113, 105 P. 403 (1909) ; *Credit Service Co. v. Peters*, 116 Or. 138, 216 P. 742 (1923) ; *Lasene v. Syvanen*, 123 Or. 615, 257 P. 822, 263 P. 59 (1928) ; *Greener v. Chipman*, 137 Or. 659, 2 P. (2d) 1118 (1931) ; *Derby v. Newton*, 138 Or. 6, 4 P. (2d) 314 (1931) ; *Lloyd v. Brown*, 138 Or. 58, 288 P. 505, 5 P. (2d) 83 (1931).

The direct responsibility for causing the jurisdictional transcript to be filed within the time allowed is imposed by statute and decision upon the appellant. 2 O. C. L. A. § 10-807; *Mason, Ehrman & Co. v. Lewis Estate*, 131 Or. 242, 276 P. 281, 281 P. 123, 282 P. 772 (1929).

■ As we have noted, the only paper filed on the last day was the transcript of testimony, but even that transcript was irregular. The certificate of the official reporter attached thereto was dated the 15th day of July, 1938, but it was certainly not signed on that day and there are strong reasons for the belief that the transcript was not in fact certified until after its filing on August 1, for on that day at 4 :56 p. m., which we presume was four minutes prior to the closing time in the clerk's office, (6 O. C. L. A. § 93-924) there was

filed the supporting affidavit, to which we have referred to the effect that the transcript

"is complete except for the signature of the reporter. * * * I am informed and therefore allege that said court reporter, Hattie Bratzel, is in McMinnville and will not return for several days."

The statute requires that a transcript "of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal" shall be filed in addition to the jurisdictional short transcript. At the close of the last day there had been filed nothing which could intelligibly present the question to be decided and no short transcript. (See opinion on rehearing in *Mason, Ehrman & Co. v. Lewis Estate,* supra).

The appellant, however, contends that there are other circumstances which excuse him from compliance with the mandatory provisions referred to. He relies upon the motion of August 1st for an extension of the time to file transcript. Subsection 2 of 2 O. C. L. A. § 10-807 provides that the trial court may by order enlarge the time for filing the transcript but that the application for such order shall be served and filed within the time allowed to file transcripts and the order shall be made within ten days thereafter.

■ Under the statutes and decisions the short transcript must be filed within thirty days from the date of perfecting the appeal or within some extension thereof. But the application for extension must be served and filed within the time allowed to file transcripts and the order must be made within ten days thereafter. Failure in either respect deprives the court of power thereafter to extend the time for filing of the jurisdictional short transcript. Timely filing of the short

transcript gives to the court power to make an order under 2 O. C. L. A. § 10-809 for supplying omissions of other nonjurisdictional portions of the transcript. The serving and filing on August 1st of the motion for extension of time was of no avail since no order extending was made within ten days thereafter or at all.

■ Again, the appellant relies upon his motion of December 31st and the court order of April 18, 1939, pursuant to the motion which directed the filing *nunc pro tunc* of the papers constituting the short transcript, pleadings and the like. A belated order to file portions of transcript *nunc pro tunc* cannot restore lost jurisdiction if the filing *tunc* of the omitted papers was jurisdictional. On the other hand, if the filing of some omitted portion of the transcript was nonjurisdictional then the *nunc pro tunc* order was unnecessary and a plain order under O. C. L. A. § 10-809 would suffice. Since the *nunc pro tunc* order of April 19 related to the filing of the short transcript as of August 1, 1938, it was futile.

In the case of *Kelley v. Pike*, supra, the appellant failed, by reason of the sickness and death of his attorney, to file the transcript within the statutory time. He moved for an order allowing the transcript to be filed *nunc pro tunc*. The court indicated that it would readily grant the motion if empowered to do so, but said:

"* * * We would have as much right to enlarge the time for service of the notice of appeal as we would to enlarge the time for filing the transcript after the time specified in the code had expired. It would be extrajudicial in either case."

The motion was denied. Obviously, in the instant case, the circuit court, upon mature consideration, be-

came convinced that its order of April, 1939, was insufficient to reinstate the appeal which was deemed abandoned, for upon final judgment that court held that no transcript on appeal was filed prior to August 2, 1938, and that the circuit court did not have jurisdiction to proceed.

The appellant contends that the rule that jurisdiction depends upon the filing of the short transcript is based upon a rule of the supreme court rather than upon statute and that the same ruling should not apply to appeals from the county court to the circuit court. Our ruling, however, is based upon the plain provisions of the statute and not upon any rule of either the supreme or circuit court.

Four cases are cited by the appellant in support of his contention. The case of *Mason, Ehrman & Co. v. Lewis Estate,* supra, is clearly distinguishable, as will appear from the following quotation:

"* * * Although the record brought here does not show the fact, we may fairly assume, and the brief of counsel for defendant seems to concede, that there was a 'short transcript' containing the judgment appealed from, 'the notice of appeal and proof of service, and the undertaking on appeal,' certified up within the statutory time. There is nothing to show that this transcript contained more, and the fact that the petition and copy of statement were not filed or brought up to the circuit court until December 26, 1927, when they were brought up presumably on the order of the circuit court taken in connection with the testimony of the clerk, clearly indicates that they did not accompany the 'short transcript' which in itself did not intelligibly present the question to be decided. * * *"

The case of *In Re Orr's Estate,* supra, is also distinguishable. That was a case appealed from the county court to the circuit court from thence to the supreme

court. It was contended that the appeal should be dismissed because the record did not contain the undertaking on appeal from the probate court to the circuit court. The court observed that the record did not include such an undertaking, nor did it affirmatively declare that an undertaking was not filed. The supreme court denied the motion to dismiss the appeal, but said:

"* * * If the record stated that no undertaking had been filed on the appeal to the Circuit Court, quite a different question would be presented: O'Brien's Petition, 79 Conn. 46 (63 Atl. 777). The objection now made by the respondent will be an appropriate subject for discussion when the cause is presented on the merits: Halliburton v. Sumner, 26 Ark. 659."

The record in the case at bar conclusively establishes that the short transcript was not filed within the time in the circuit court.

In the case of *Byers v. Ferguson*, 41 Or. 77, 65 P. 1067, 68 P. 5 (1902), the clerk of the court, in place of sending up a copy of the judgment as a part of the transcript on appeal to the supreme court, inserted a transcript of the judgment lien docket. The court held that this unintentional error could be corrected and a motion to dismiss the appeal was denied. The copy of the judgment docket which was filed in timely manner as a part of the transcript showed the date of the judgment, the name of the judgment debtor and creditor, the amount of the judgment, to-wit, $10.00, the date on which it was entered and the date on which the appeal was taken. The only error consisted in the insertion of an official instrument which did in fact show the substance of the judgment, although it was not a verbatim copy thereof. There was at most a minor infraction of the statute and the decision ante-

dates the many cases which have held that the filing of the short transcript is jurisdictional. Even if we assume it to be sound law today it cannot support the contention of the appellant in this case.

In the case of *Thibault v. Lennon*, 39 Or. 280, 64 P. 449, 87 Am. St. Rep. 657 (1901), there was an appeal from the county court to the circuit court and an omission to file a copy of the notice of appeal as a part of the transcript. The other papers which now make up the short transcript were duly filed. The court found:

"* * * There was apparently a genuine effort to perfect the appeal in accordance with the statute, but by reason of the loss of the notice it could not be included in the record until it was supplied, and this without fault of the appellant."

This decision was made under the provisions of the Laws of 1885, as amended by the Laws of 1889, Hill's Ann. Laws, p. 483, § 541. The statute contained an entirely different definition of the transcript from that found in 2 O. C. L. A. § 10-807, and under that earlier statute no decision had been made holding that the filing of the short transcript was jurisdictional.

There is one more case, not cited by appellant, which seems to relax the strict jurisdictional rule to a very slight extent. In the case of *Winter v. Heyden*, 149 Or. 20, 36 P. (2d) 183, 37 P. (2d) 871 (1934), the short transcript was made up of a certified copy of the judgment, but the original notice of appeal and undertaking were filed instead of certified copies. The court expressly recognized that the filing of the short transcript was jurisdictional, but held that the inclusion of originals instead of copies was not fatal in view of the fact that the court was in timely possession of the originals. The motion to dismiss the appeal was denied

and appellant was allowed to supply the omitted copies. See also *Herndon v. Armstrong*, 148 Or. 602, 36 P. (2d) 184, 38 P. (2) 44, (1934).

It is a far cry from the inadvertent filing of an original in place of a copy in the Winters case to the total omission to file either original or copy in the case at bar.

■ Under appellant's failure to file the short transcript on August 1, the appeal was abandoned. The circuit court lost jurisdiction thereof and the decree of that court dismissing the appeal for want of jurisdiction is affirmed. No costs will be allowed in this court.